RAINTREE CORPORATION v. JAMES B. ROWE, SR. AND WIFE, NINA F. ROWE

No. 7825DC46

(Filed 21 November 1978)

1. **Rules of Civil Procedure § 56.1— summary judgment hearing—waiver of notice**

Where the trial court treated defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim for relief as a motion for summary judgment, plaintiff waived the 10 day notice required by Rule 56(c) for a summary judgment hearing by participating in the hearing and failing to request a continuance or additional time to produce evidence.

2. **Deeds § 20.6; Rules of Civil Procedure § 24— covenant to pay assessments for common areas—real party in interest—intervention in suit**

A homeowners' association, not a subdivision developer, was the party entitled to maintain an action against the owners of a lot in the subdivision to collect assessments for maintenance of common areas where the recorded covenants required that such assessments be paid to the homeowners' association. Furthermore, the trial court did not err in refusing to permit the homeowners' association to intervene in the action instituted by the developer where the motion for intervention was not accompanied by a pleading as required by G.S. 1A-1, Rule 24(c), the association failed to show why it should be allowed to intervene, and there was no allegation or admissible evidence that the association ratified the developer's action or that the developer was acting as agent of the association.

**3. Deeds § 19.3— covenants running with land**

Covenants that run with the land are real as distinguished from personal covenants that do not run with the land, and a provision that a covenant is to run with the land is not binding unless the covenant possesses the characteristics of a real covenant.

**4. Deeds § 19.3— real covenants—prerequisites**

Three essential requirements must concur to create a real covenant: (1) the intent of the parties as determined from the instruments of record; (2) the covenant must be so closely connected with the real property that it touches and concerns the land; and (3) there must be privity of estate between the parties to the covenant.

**5. Deeds § 19.5— restrictive covenants—real or personal—burden of proof**

Ordinarily, restrictions in a deed are regarded as for the personal benefit of the grantor, and the party claiming the benefits of the restrictions has the burden of showing that they are covenants running with the land.

**6. Deeds § 19.2— covenant of membership in country club—personal covenant**

A covenant requiring the owners of lots in a subdivision to be members of a country club located in the subdivision and to pay country club dues does not touch and concern the land and is a personal covenant which does not run with the land and which is not assignable by the original grantor.

APPEAL by plaintiff from *Sentelle, Judge.* Summary judgment entered 11 October 1977 and order denying plaintiff's motions entered 17 October 1977 in District Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1978.

Plaintiff, Raintree Corporation, filed this action on 31 January 1977 against defendants, James B. Rowe, Sr. and Nina F. Rowe, for the balance due on maintenance assessments, country club dues, interest, and attorneys' fees. Plaintiff also sued to enforce a claim of lien by execution and sale it had filed with the clerk of court.

Sometime prior to February 1973, defendants purchased a lot in "The Village of Raintree." The Village of Raintree is a planned residential community originally developed by The Ervin Company. On 30 May 1975, The Ervin Company's interest in the Raintree development was conveyed to ARDC Franciscan Terrace, Inc., a North Carolina corporation. The corporate name was changed to "Raintree Corporation."

The lots in The Village of Raintree are subject to recorded covenants, conditions and restrictions. Covenants, conditions and

restrictions pertinent to this action provide (1) property owners have rights of enjoyment in common areas, (2) each owner and each subsequent owner covenants to pay assessments for maintenance of common areas and other purposes by accepting a deed, (3) every owner is a mandatory member of Raintree Country Club and must pay club dues, (4) unpaid maintenance assessments and unpaid club dues subject the owner's lot to a lien.

Defendants moved to dismiss on the ground that Raintree Corporation was not the real party in interest, contending Raintree Homeowners Association, Inc. (hereinafter "Association") was the party to enforce the claim for maintenance assessments and the manager of Raintree Country Club was the party to enforce the claim for country club dues.

On 6 May 1977, the Association moved to intervene because disposition of this action might impede its ability to protect its interest in the collection of maintenance assessments.

On 15 September 1977 motions to dismiss were heard before Judge Sentelle. The motions to dismiss were treated as summary judgment and the action dismissed. On 11 October 1977, Judge Sentelle signed an order incorporating his ruling of 15 September 1977 that there were no genuine issues of material fact as between the plaintiff and the defendants, and striking and vacating the claim of lien filed in the clerk's office.

When defendant Nina F. Rowe presented proposed order to the court, plaintiff objected to the form of order and moved to file affidavits by the president of Association and by an officer of Raintree Corporation to demonstrate that Association had authorized this action and therefore Raintree Corporation was the proper party. On 17 October 1977, the court denied plaintiff's motion to file affidavits tendered after the court allowed defendants' motions for summary judgment. The court overruled plaintiff's objection to the form of the order and denied Association's motion to intervene. Association did not appeal. Plaintiff appeals.

*Kennedy, Covington, Lobdell & Hickman, by Edgar Love III
and James C. Hord, for plaintiff appellant.*

*James, McElroy & Diehl, by William K. Diehl, Jr., for
defendant appellee Nina F. Rowe. McConnell, Howard, Johnson,
Pruett, Jenkins & Bragg, by Carl W. Howard and Mary Jean
Hayes, for defendant appellee James B. Rowe, Sr.*

MARTIN (Harry C.), Judge.

Plaintiff's appeal raises four assignments of error.

[1]   Plaintiff's first assignment of error was the trial court's
treating of defendants' Rule 12(b)(6) motions to dismiss for failure
to state a claim upon which relief may be granted as motions for
summary judgment. Plaintiff complains it did not have 10 days'
notice as required by Rule 56(c), nor was it given a reasonable op-
portunity to present all material made pertinent to the motions.

At the hearing of defendants' motions to dismiss, the trial
court considered matters outside pleadings.

> If, on a motion asserting the defense, numbered (6), to
> dismiss for failure of the pleading to state a claim upon
> which relief can be granted, matters outside the pleading are
> presented to and not excluded by the court, the motion shall
> be treated as one for summary judgment and disposed of as
> provided in Rule 56, and all parties shall be given reasonable
> opportunity to present all material made pertinent to such a
> motion by Rule 56.

N.C. Gen. Stat. 1A-1, Rule 12(b). At the hearing on the motions to
dismiss, plaintiff stipulated to the use of documents outside the
pleadings, participated in oral arguments, entered into a stipula-
tion of facts, and responded in writing. Plaintiff did not make a
timely objection to the hearing on 15 September 1977. Plaintiff
did not request a continuance. Plaintiff did not request additional
time to produce evidence pursuant to Rule 56(f). On the contrary,
plaintiff participated in the hearing through counsel. The 10-day
notice required by Rule 56 can be waived by a party. *Story v.
Story,* 27 N.C. App. 349, 219 S.E. 2d 245 (1975). The notice re-
quired by this rule is procedural notice as distinguished from con-
stitutional notice required by the law of the land and due process
of law. By attending the hearing of the motion on 15 September

1977 and participating in it and failing to request a continuance or additional time to produce evidence, plaintiff waived any procedural notice required. For an excellent discussion of notice in civil actions, see the opinion of Justice Ervin in *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953). This assignment of error is overruled.

[2]   Plaintiff's second and third assignments of error are to the trial court's dismissal on the ground that the action was not prosecuted in the name of the real party in interest.

The second assignment of error raises the question of the real party in interest as to the maintenance assessment. The Declaration of Covenants, Conditions and Restrictions, introduced in evidence as an exhibit, provides that annual assessments for maintenance are to be paid to Association. The bylaws of Association also provide that annual assessments for maintenance are to be paid to it. Therefore, the Raintree Corporation is not the proper party to bring this action to collect maintenance assessments. We affirm the trial court's decision that the Raintree Corporation is not the real party in interest to collect the maintenance assessments.

On this second assignment of error, plaintiff further contends that the trial court erred in not allowing Association to intervene in the action commenced by plaintiff. The motion for intervention was not accompanied by a pleading as required under N.C. Gen. Stat. 1A-1, Rule 24(c). Association failed to show why it should be allowed to intervene. There was no allegation or admissible evidence that Association ratified the action of plaintiff or that plaintiff was acting as the agent of Association. Association did not appeal this order of the court. The trial court properly denied the motion to intervene. This assignment of error is overruled.

The third assignment of error challenges the dismissal of the complaint for the collection of country club dues because the plaintiff is not the real party in interest. "The real party in interest is the party who by substantive law has the legal right to enforce the claim in question." *Insurance Co. v. Walker*, 33 N.C. App. 15, 19, 234 S.E. 2d 206, 209 (1977). Two things must be considered to determine if plaintiff has a substantive legal claim to enforce. First, the covenant to pay country club dues must be characterized as either a covenant that runs with the land or one

that does not. Second, the character of the covenant must allow assignee, plaintiff, to enforce it.

[3, 4]  A covenant is either real or personal. Covenants that run with the land are real as distinguished from personal covenants that do not run with the land. 21 C.J.S. Covenants § 22 (1940). The Declaration of Covenants, Conditions and Restrictions filed in the Register of Deeds' office provides in Article X that restrictions on Raintree are to run with the land. "[I]t appears that if a man covenants for himself and his assigns, yet if the thing to be done be merely collateral to the land, and does not concern the thing demised in any sort, the assignee shall not be charged." *Nesbit v. Nesbit*, 1 N.C. 490, 494 (1801). The provision that the covenant is to run with the land is not binding unless the covenants possess the characteristics of a real covenant. *Epting v. Lexington Water Power Co.*, 177 S.C. 308, 181 S.E. 66, 102 A.L.R. 773 (1935). Three essential requirements must concur to create a real covenant: (1) the intent of the parties as can be determined from the instruments of record; (2) the covenant must be so closely connected with the real property that it touches and concerns the land; and, (3) there must be privity of estate between the parties to the covenant. 20 Am. Jur. 2d Covenants, Conditions, Etc. § 30 (1965).

[5]  The Declaration of Covenants, Conditions and Restrictions contains the recital that the covenants are to be construed to run with the land. There is no doubt that the developer intended the covenant to run. This recital is not controlling. The express intent of the parties can prohibit a covenant from running with the land, but it cannot make a personal covenant run with the land. 7 Thompson on Real Property § 3155 (1962). Intent alone is not sufficient to make the covenant run. The other legal requirements must be met. *Neponsit Property Owners' Ass'n v. Bank*, 278 N.Y. 248, 15 N.E. 2d 793 (1938). Ordinarily, restrictions in a deed are regarded as for the personal benefit of the grantor. The party claiming the benefits of the restrictions has the burden of showing they are covenants running with the land. These principles apply with especial force to persons who (such as Raintree) are not parties to the instrument containing the restrictions. *Stegall v. Housing Authority*, 278 N.C. 95, 178 S.E. 2d 824 (1971).

The historical tests for the second requirement, that the covenant touch and concern the land, have been based on several

formulae. "[I]t may be laid down as a rule without any exception, that a covenant to run with the land, and bind the assignee, must respect the thing granted or demised, and that the act covenanted to be done or omitted, must concern the lands or estate conveyed." *Nesbit v. Nesbit, supra* at 495. To touch and concern the land, the object of the covenant must be "annexed to, inherent in, or connected with, land or other real property," or related to the land granted or demised. 20 Am. Jur. 2d Covenants, Conditions, Etc. § 29 (1965). At common law, the running of covenants depended upon whether the covenanted act created a negative or affirmative duty. A negative covenant prohibited something and ran with the land. An affirmative covenant required a positive act and did not run. This blanket limitation on the running of affirmative covenants has not as a general rule been adopted in the United States. Mann, *Affirmative Duties Running with the Land*, 35 N.Y.U. L. Rev. 1344 (1960). As a result of the common law rule on affirmative covenants, the requirements for a covenant to run are to be more strictly applied to affirmative covenants than negative covenants.

[6] This covenant creates an affirmative duty, a charge or obligation to pay money, *i.e.*, country club dues, for the services and use of the country club facilities which are not upon, connected with, or attached to the defendants' land in any way. The defendants are required to pay, whether they use the facilities or not. The payment of a collateral sum of money does not concern the land. *Nesbit v. Nesbit, supra.* Courts have generally held that covenants to pay money do not touch and concern the land. *Neponsit Property Owners' Ass'n v. Bank, supra.* The court in *Neponsit* quoted Clark on Covenants & Interests Running with Land, p. 76: " 'It has been found impossible to state any absolute tests to determine what covenants touch and concern land and what do not. The question is one for the court to determine in the exercise of its best judgment upon the facts of each case.' " We find that the performance by the defendants of this covenant is not connected with the use of their land and does not touch or concern their land to a substantial degree.

For a covenant to run, all three requirements must concur, intent, touch and concern, and privity of estate. Since the covenant does not touch and concern the land, an essential requirement is absent and it is not necessary to discuss the question of

privity of estate. We hold that the covenant to be a member of the country club and to pay country club dues is a personal covenant.

The second question to be considered on the third assignment of error is whether or not this covenant could be assigned and therefore enforced by the plaintiff assignee. The original grantor and party with whom the defendants purportedly covenanted was The Ervin Company. In a deed made 30 May 1975, filed 3 June 1975, The Ervin Company transferred all of its rights, title and interest in the Raintree Development to ARDC Franciscan Terrace, Inc., a North Carolina corporation. The ARDC Franciscan Terrace, Inc. subsequently changed its name to Raintree Corporation.

Personal covenants are not assignable. "A restriction which is merely a personal covenant with the grantor does not run with the land and can be enforced by him only." *Stegall v. Housing Authority, supra* at 100, 178 S.E. 2d at 827. "It is elemental that a personal covenant does not run with the land." *McCotter v. Barnes*, 247 N.C. 480, 486, 101 S.E. 2d 330, 335 (1958).

> "One cannot at common law maintain any action upon a personal covenant merely by force of the fact that he is the successor in title of the owner with whom such covenant was made."
>
> . . . "A personal covenant, upon the death of the obligee, goes to his administrator, and he alone is entitled to maintain suit upon the agreement."

*Maples v. Horton*, 239 N.C. 394, 399, 80 S.E. 2d 38, 42 (1954) (citations omitted). The rights and interests of The Ervin Company in this covenant were not assigned or conveyed to Raintree Corporation. Raintree Corporation is not the real party in interest.

Fourth. Plaintiff assigns as error the striking of the claim of lien from the records of the Clerk of Superior Court of Mecklenburg County. This document shows plaintiff, Raintree Corporation, as the person claiming the lien for past due maintenance assessments and country club dues. We have affirmed the action of the trial court granting summary judgment for the defendants as to these charges. Plaintiff's filing of a claim of lien for these charges against defendants' land was improper. We affirm the

order of the trial court striking and vacating the claim of lien. The assignment of error is overruled.

For the reasons given, the summary judgment is

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.