BERMUDA RUN COUNTRY CLUB, INC., Plaintiff v. HARRIS ATWELL; ALAN BARNETT; MICHAEL BRENNER; JULIA CRAWLEY; STEVE HINSHAW; RONALD HOTH; THOMAS M. HUBER; EDWARD M. MANNING, JR.; MARY ANN PREUITT; AARON M. ROSE; ROGER W. SIMMONS; AND LEWIS VAN AUKEN, Defendants

No. COA95-179

(Filed 19 December 1995)

**1. Deeds § 64 (NCI4th)— covenants concerning country club dues—covenants not running with the land—plaintiff personally bound by consent to covenants**

Covenants which allowed a country club board of governors to give or veto approval of increases in assessments or dues of a country club were not directly connected with the land in this case; therefore, they did not touch and concern the land and so did not run with the land. However, where the record revealed that plaintiff corporation consented to be bound by the covenants, the trial court did not err in holding that plaintiff was personally bound.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 13-15, 50.**

**2. Trial § 146 (NCI4th)— judicial admission—limited applicability**

A stipulation by plaintiff country club owner in a prior action that it was bound by certain restrictive covenants was not a judicial admission binding on plaintiff in this action where the parties restricted the application of the stipulation to the prior action.

**Am Jur 2d, Judgments § 707.**

**Modern views of state courts as to whether consent judgment is entitled to res judicata or collateral estoppel effect. 91 ALR3d 1170.**

Appeal by plaintiff and defendants from order entered 15 June 1994 by Judge Melzer A. Morgan, Jr. in Davie County Superior Court. Heard in the Court of Appeals 14 November 1995.

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr., for plaintiff.*

*Harrell Powell, Jr. for defendants.*

JOHNSON, Judge.

In 1979, Bermuda Run, Ltd., a North Carolina corporation, executed a document entitled "Declaration of Restrictive Covenants" in connection with the resolution of a civil action brought in Davie County Superior Court entitled *Harris L. Atwell, et al. v. Bermuda Run Country Club, Ltd. and Billy R. Satterfield*, 79 CVS 2806. The document was recorded in the Office of the Register of Deeds of Davie County on 23 August 1979 in Book 108 at Page 753.

The Declaration of Restrictive Covenants provided in part that:

Bermuda Run, Ltd. does hereby covenant and agree to and with all persons, firms and corporations presently owning or hereafter acquiring lots within the development known as Bermuda Run (the "Development") and with all present and future members of the Bermuda Run Golf and Country Club (the "Club") or any successor thereto that said lands and improvements as described in Exhibit A attached hereto (the "Lands") are hereby subjected to the following restrictive covenants as to the use of said Lands, which restrictive covenants are and shall be appurtenant thereto and run with said Lands by whomsoever owned.

The pertinent restrictive covenants in the instant action are as follows:

4. There shall be no increase in the monthly assessments, dues and minimum dining-room charges made by Bermuda Run, Ltd. or any subsequent owner of the Lands without the prior approval of the then Board of Governors.

5. No assessments will be made against the present or future members of the Club by Bermuda Run, Ltd. or any subsequent owner of the Lands without the express approval of the then Board of Governors. . . .

The consent judgment entered on 23 August 1979 by Judge Peter W. Hairston in the 1979 action provided, in pertinent part, that:

Prior to the sale of any of the facilities, support utilities, amenities and real estate which serve or are a part of the Bermuda Run Golf and Country Club (the "Club"), or of any stock or assets of Bermuda Run, Ltd., Bermuda Run, Ltd. and Billy R. Satterfield shall file those certain restrictive covenants attached hereto as Exhibit A, in the Office of the Davie County Register of Deeds.

On 17 January 1984, Bermuda Run Country Club, Inc., successor in interest to Bermuda Run, Ltd., executed an Amendment to the Declaration of Restrictive Covenants. Subparagraph (2) of the Amendment provided that:

> Except as herein amended and modified, the original Declaration of Restrictive Covenants shall remain in full force and effect in accordance with its terms.

The Amendment was recorded in the Office of the Register of Deeds of Davie County on 9 February 1984 in Book 121 at Page 813.

Agreements of General Membership executed by plaintiff in connection with receiving new members upon the payment of an initiation fee provided that:

> Member agrees to pay uniform monthly dues and assessments for General Members as established from time to time by Bermuda Run with the prior approval of the Board of Governors of Bermuda Run Country Club ("Board of Governors").

. . .

> All future monthly dues and assessments will be set by Bermuda Run, its assigns or successors, with the prior approval of the Board of Governors until 2006; provided, Bermuda Run may from time to time change the membership initiation fee for memberships without the approval of the Board of Governors.

The Bylaws of Bermuda Run Country Club, in Section 1 of Article III, stated that:

> The Board of Governors shall have the power to fine, reprimand, suspend, or expel members; approve membership applications, subject to final approval by Bermuda Run Country Club, Inc.; approve changes in monthly dues, and dining minimums; approve all assessments as provided by these Bylaws; to serve as spokesman for the Membership, and to act as necessary to implement the various duties and responsibilities given the Board of Governors by specific provisions of these Bylaws.

Plaintiff corporation owns and operates the country club facilities. The corporation also owns the common areas, such as the club house, tennis courts, golf course, and roads. Bermuda Run Country Club is a social organization, and the membership does not have the status of shareholders in the corporation.

BERMUDA RUN COUNTRY CLUB v. ATWELL

[121 N.C. App. 137 (1995)]

In 1991, the Board of Governors of Bermuda Run Country Club filed suit against Bermuda Run Country Club, Inc. At the 30 November 1992 civil session of the Davie County Superior Court, the parties stipulated that the corporation was bound by the Restrictive Covenants dated 20 August 1979. In his judgment, Judge James M. Long concluded that the Board of Governors did not have the power to unilaterally increase or decrease the level of dues charged to members of the Bermuda Run Country Club; that the Board of Governors and the corporation had agreed to increase the monthly dues to $170.00 per month; and that the monthly dues would remain at the level of $170.00 until otherwise properly increased. However, Judge Long found that the Board of Governors had the power under the Restrictive Covenants to give prior approval to all proposed dues increases.

In a memorandum dated 28 December 1992 and presented to the Board of Governors at its meeting in January 1993, the corporation submitted a request that the monthly dues be increased from the $170.00 per month level. No action was taken immediately on the proposal, but it was referred to a specially appointed committee to consider the issue. After considering the condition of the premises, the quality of services provided to the membership, and the proposed budget for the country club, the Board of Governors voted unanimously to reject the proposed increase in the monthly dues.

Plaintiff filed an action alleging several claims for relief. All but the fourth claim of relief have been resolved by consent judgment. In the fourth claim for relief, plaintiff sought to have the restrictive covenants declared void and unenforceable. At a hearing, Judge Melzer A. Morgan, Jr. ruled as follows:

> As to the plaintiff's motion for partial summary judgment, the court finds that restrictive covenants four and five are covenants that are purely personal, and are not real covenants that run with and bind the land. However, the court further finds that in the Amendment to Declaration to Restrictive Covenants dated on or about January 17, 1984, by stating that "[e]xcept herein amended and modified, the original Declaration of Restrictive Covenants shall remain in full force and effect in accordance with its terms" the plaintiff became bound by the personal covenants, and restrictive covenants four and five are now the personal covenants of the plaintiff. Accordingly, the plaintiff's motion for summary judgment is allowed, and the defendants' motion for

summary judgment is denied, to the extent that this order is a judicial determination that Restrictive Covenants 4 and 5 are personal covenants that do not run with the land. The plaintiff's motion is denied, and the defendants' motion is allowed, to the extent that this order is a judicial determination that the plaintiff is bound by the personal covenants four and five.

[1] Plaintiff appeals from the order allowing in part and denying in part its motion for summary judgment and defendants appeal from the portion of the order allowing in part and denying in part their motion for summary judgment. Plaintiff argues that the trial court correctly held that covenants four and five were not real covenants which ran with the land, but that the court erred when it held that restrictive covenants four and five were personal covenants binding plaintiff. Defendants argue that the covenants are real covenants which run with the land.

Our Supreme Court in *Runyon v. Paley*, 331 N.C. 293, 416 S.E.2d 177 (1992), *appeal after remand, William v. Paley*, 114 N.C. App. 571, 442 S.E.2d 558, *disc. review denied*, 337 N.C. 699, 448 S.E.2d 541 (1994), set forth the law of restrictive covenants in North Carolina. The Court held that so long as restrictions imposed by a land owner are not contrary to public policy, the land owner may sell the land subject to any restrictions he wishes to impose. *Id.* The restrictions or covenants are either real covenants which run with the land or personal covenants.

> The significant distinction between these types of covenants is that a personal covenant creates a personal obligation or right enforceable at law only between the original covenanting parties, whereas a real covenant creates a servitude upon the land subject to the covenant ("the servient estate") for the benefit of another parcel of land ("the dominant estate") (citations omitted).

*Runyon*, 331 N.C. at 299, 416 S.E.2d at 182.

Covenants which run with the land must meet three essential requirements: "(1) the intent of the parties as can be determined from the instruments of record; (2) the covenant must be so closely connected with the real property that it touches and concerns the land; and (3) there must be privity of estate between the parties to the covenant." *Homeowners Assoc. v. Sellers and Homeowners Assoc. v. Simpson*, 62 N.C. App. 205, 210, 302 S.E.2d 848, 852, *cert. denied*, 309 N.C. 461, 307 S.E.2d 364 (1983) (*quoting Raintree Corp. v. Rowe*, 38

N.C. App. 664, 669, 248 S.E.2d 904, 908 (1978)). Plaintiff contends that although the intent of the parties is that the covenants run with the land, this is not enough because the other two requirements are not met. We agree.

Clear recitations of intent are not dispositive in determining if the covenant runs with the land. *See Raintree*, 38 N.C. App. at 670, 248 S.E.2d at 908. In order for a covenant to touch or concern, the covenant is not required to have a physical effect on the land. *Runyon*, 331 N.C. 293, 416 S.E.2d 177. It is sufficient that an economic impact on the parties' ownership rights occurs such that the value of the dominant estate is enhanced and the value of the servient estate is decreased; and that the covenant affects the legal rights of the covenanting parties as landowners. The covenant does not touch and concern the land if the burdens and benefits are able to exist independently from the parties' ownership interests in the land. *Id.*

Plaintiff argues that the covenant creates rights and responsibilities which exist independently of the parties' ownership interest in the land. Plaintiff also argues that whether dues are paid by members of the country club pertain to an interest in membership in the country club, rather than an interest in real property. Plaintiff cites *Raintree*, 38 N.C. App. 664, 248 S.E.2d 904, to show that a restrictive covenant, requiring a property owner to have membership in a country club and to pay dues, is a personal covenant which does not run with the land. Defendants argue, however, that the country club is located within a residential community, and thus, the residents' interests in protecting the value of their investment and membership in the club would be substantially impaired and diminished if the covenants were not upheld.

The covenants at issue here, allow the Board of Governors to give or veto approval of increases in assessments or dues of the country club. These covenants are not directly connected with the land in the instant case; therefore, they do not touch and concern the land. *See Raintree*, 38 N.C. App. at 670, 248 S.E.2d at 909. Consequently, because one of the essential requirements is absent, the covenant does not run with the land, and we need not address whether privity of estate exists.

Plaintiff's next argument is that the trial court erred in holding that the covenants were transformed into personal covenants binding plaintiff. The trial court held that in the Amendment to Declaration of

Restrictive Covenants dated 17 January 1984, that the statement: "[e]xcept as herein amended and modified, the original Declaration of Restrictive Covenants shall remain in full force and effect in accordance with its terms," plaintiff became bound by the personal covenants. Plaintiff attempts to argue that this provision only pertained to one entrance through the security fence. This argument is unpersuasive in light of our careful review of the Amendment. The record reveals that plaintiff consented to be bound by the covenant; thus, the trial court did not err in holding that plaintiff was personally bound pursuant to the Amendment dated 17 January 1984.

[2] Defendants argue that plaintiff is bound by a judicial admission to abide by the terms of the restrictive covenants. In an earlier case, *Board of Governors of Bermuda Run Country Club v. Bermuda Run Country Club, Inc.*, a case in which the parties in the instant action were litigating a controversy concerning whether the Board of Governors had approved an increase in dues to $170.00 per month, the trial judge found that:

> All parties stipulated for this action that Bermuda Run Country Club, Inc. ("BRCC") is bound by the restrictive covenants set forth in the Declaration of Restrictive Covenants dated August 20, 1979 ("Restrictive Covenants"), and more specifically . . . the Board has the limited power to approve increases or decreases in the level of dues as proposed by BRCC.

Defendants argue that this is a judicial admission which is binding on the parties since no showing of fraud, misrepresentation, undue influence, or mutual mistake has been shown in the instant action. *See Little v. Food Service*, 295 N.C. 527, 246 S.E.2d 743 (1978). This argument is without merit since the parties restricted the judicial admission's applicability to the previous action only. Stipulations and their role as judicial admissions "will not extend the operation of the agreement beyond the limit set by the parties or by the law." *Rickert v. Rickert*, 282 N.C. 373, 380, 193 S.E.2d 79, 83 (1972) (emphasis omitted) (*quoting J.L. Roper Lumber Co. v. Elizabeth City Lumber Co.*, 137 N.C. 431, 439, 49 S.E. 946, 949 (1905)).

Defendants also argue that plaintiff is collaterally estopped to deny the legal effect of the restrictive covenants. This argument is also unpersuasive in view of the requirements to be met in determining the applicability of the doctrine of collateral estoppel, as set forth in *King v. Grindstaff*, 284 N.C. 348, 200 S.E.2d 799 (1973). The prior

McCRIMMON v. CRIME VICTIMS COMPENSATION COMM.

[121 N.C. App. 144 (1995)]

action did not litigate or determine the issue of whether covenants four and five were real covenants; thus, the doctrine of collateral estoppel is not applicable herein.

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

Judges WALKER and SMITH concur.