P. K. ANDRESEN AND WIFE, CHRISTINE ANDRESEN; J. N. BRYAN AND WIFE, MARTHA BRYAN; JEAN BROWN; F. D. DUNCAN AND WIFE, ELIZABETH C. DUNCAN; ROSA LEE L. HARRELL; C. F. IRONS AND WIFE, MALENE G. IRONS; BILLY E. JONES AND WIFE, HANNAH JONES; H. T. PATTERSON AND WIFE, LOIS PATTERSON; HELEN S. PARKENSON; CARL P. PIERCE AND WIFE, LUCY N. PIERCE; J. J. PERKINS AND WIFE, MAMIE L. PERKINS; NICHOLAS REDKA AND WIFE, BARBARA REDKA; JOHN O. REYNOLDS AND WIFE, ELLA REYNOLDS; HELEN W. STASAVICH; SAM B. UNDERWOOD, JR. AND WIFE, ALMA W. UNDERWOOD; D. C. WADE, JR. AND WIFE, ANN WADE; AND EDNA S. WHICHARD v. EASTERN REAL-TY COMPANY, MARVIN K. BLOUNT, THE CITY OF GREENVILLE AND ALTON E. WARREN

No. 823SC130

(Filed 18 January 1983)

**Deeds § 20.7— restrictive covenants—allowance of motion to dismiss error**

Where plaintiffs brought an action to prevent issuance of a building permit to defendant Eastern Realty Company for the construction of twenty-six townhouse units within the subdivision in which they lived claiming that such construction would violate restrictive covenants applicable to the entire subdivision, the trial court erred in granting defendants' motion to dismiss on the ground that plaintiffs had failed to state a claim for relief.

APPEAL by plaintiffs from *Brown, Judge.* Judgment entered 7 October 1981 in Superior Court, PITT County. Heard in the Court of Appeals 6 December 1982.

Plaintiffs, as owners of real property in the Rock Spring Park Subdivision in Greenville, brought this action on 15 August 1980 to prevent issuance of a building permit to defendant Eastern Realty Company [hereinafter Eastern] for the construction of twenty-six townhouse units within the subdivision. Plaintiffs claim that such construction would violate restrictive covenants applicable to the entire subdivision, which were recorded on 26 August 1940 in the Pitt County Register of Deeds office. The eight persons who recorded the restrictive covenants were predecessors in title to the defendant Eastern.

Relevant portions of the covenants stated:

all the lots or parcels of land shown upon the map of Rock Spring Park Subdivision . . . are hereby subjected to the following covenants and restrictions as to the use thereof, running with the said land by whomsoever owned, to-wit:

(1) All the lots in the tract above described as shown on said map shall be known and described as residential lots. No structure shall be erected, altered, placed or permitted to remain on any residential lot other than one detached single family dwelling, not to exceed three and one-half (3 1/2) stories in height, together with the private garage for not more than three cars, and other buildings incidental and necessary to the proper use of said property for residential purposes. . . .

(8) These covenants and restrictions shall run with the land and shall be binding on all the parties holding any of the said property under any deed subsequent to the filing of this instrument, and shall be in full force and effect until January 1, 1965, at which time they shall be automatically extended for successive periods of 10 years unless they shall be declared inoperative for good cause shown before a court of competent jurisdiction under proper legal proceedings.

(9) If the parties hereto, or any owner of any of the property herein described, or their heirs or assigns, shall violate or attempt to violate any of the covenants and restrictions herein set off, it shall be lawful for any person or persons owning real property situated in said development as shown by said map to prosecute any proceedings at law or in equity against the person or persons violating any such covenants, and to prevent him or them from so doing, and recover liquidated damages for such violations.

These covenants made specific reference to a map of the subdivision recorded in map book 3, page 141, of the Pitt County registry. Eastern's land is in an area on the map that is not divided into lots.

Plaintiffs alleged that many of them bought lots in the subdivision based on representations by Marvin K. Blount, one of the original developers, and that the entire development was subject to the restrictive covenants. In an amendment to their complaint on 9 October 1980, plaintiffs demanded a jury trial.

On 20 October 1980, defendants Eastern and Blount filed a motion to dismiss plaintiffs' action for failure to state a claim for relief. They moved to strike plaintiffs' demand for a jury trial and

set forth two affirmative defenses. First, they alleged that plaintiffs had waived their right to enforce the restrictive covenants by acquiescence for thirty years in use of the land for stables and grazing. Second, they contended that there had been a substantial change in the character of the use of the land so as to make the covenants unenforceable, assuming they were applicable.

Plaintiffs moved to strike defendants' affirmative defenses and for judgment on the pleadings on 30 July 1981. On 7 October 1981, the trial court denied plaintiffs' motion and dismissed their complaint. From this judgment, plaintiffs appealed. Defendants Alton E. Warren, chief building inspector for the City of Greenville, and the City of Greenville are not parties to this appeal.

*Underwood & Leech, by David A. Leech, for plaintiff-appellants.*

*Blount, Crisp & Savage, by John M. Savage, for defendant-appellees Eastern Realty Company and Marvin K. Blount.*

ARNOLD, Judge.

Plaintiffs lost this case under a G.S. 1A-1, Rule 12(b)(6) motion since the trial judge believed that they had failed to state a claim upon which relief could be granted. Although neither the defendants' answer nor the court's judgment mention the rule specifically, defendants' answer and the judgment both speak in terms of dismissing the plaintiffs' complaint. A G.S. 1A-1, Rule 12(b)(6) motion is a proper vehicle for dismissing a complaint when it fails to state a claim upon which relief can be granted.

We hold that it was error to dismiss plaintiffs' complaint in this case. "A claim for relief should not suffer dismissal unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim." *Presnell v. Pell,* 298 N.C. 715, 719, 260 S.E. 2d 611, 613 (1979). When making a ruling under this rule, "the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback,* 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979); *see also,* W. Shuford, N.C. Civil Practice and Procedure § 12-10 (2d ed. 1981).

Although there is a general rule of strict construction against limitations on the free use of land in North Carolina, *Stegall v. Housing Authority*, 278 N.C. 95, 100, 178 S.E. 2d 824, 828 (1971) and cases cited therein, we. cannot say as a matter of law that plaintiff could not prevail in this action. Our examination of the record, exhibits and the briefs before us supports this conclusion.

The map of Rock Spring Park includes the defendants' land. Moreover, the land is specifically referred to in the restrictive covenants. The restrictions state that "all the lots or parcels of land shown upon the map" are subject to the covenants. On the map, defendants' land is labelled "future extension," which indicates that it might have been meant to be part of the subdivision. Finally, it would have been simple for the original developers to leave defendants' land off the subdivision map if they had intended for it not to be subject to the restrictions.

Thus, the trial judge was incorrect in dismissing the complaint since it may state some claim for relief. As a result, we reverse the judgment and remand this case for proceedings consistent with this opinion.

Reversed and remanded.

Judges WHICHARD and JOHNSON concur.