State of Tennessee v. Environmental Management Comm.

[4]   The plaintiff's last claim is for the intentional infliction of severe emotional distress. The tort of intentional infliction of severe emotional distress consists of "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E. 2d 325, 335 (1981). Our Supreme Court has said that liability arises when the defendant's "conduct exceeds all bounds usually tolerated by decent society" and the conduct "causes mental distress of a very serious kind." *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). We do not believe the conduct of the two individual defendants in reporting to the hospital employees why the plaintiff was discharged constitutes "extreme and outrageous conduct" or conduct which "exceeds all bounds usually tolerated by decent society." The court did not err in dismissing the plaintiff's claim for intentional infliction of severe emotional distress.

For the reasons stated in this opinion we reverse and remand as to the part of the judgment dismissing the plaintiff's claim for wrongful discharge — b. We affirm the dismissal of the other three claims.

Affirmed in part; reversed and remanded in part.

Judges BECTON and COZORT concur.

————————————

THE STATE OF TENNESSEE, ON BEHALF OF THE TENNESSEE DEPARTMENT OF HEALTH AND ENVIRONMENT AND THE TENNESSEE WILDLIFE RESOURCES AGENCY v. ENVIRONMENTAL MANAGEMENT COMMISSION OF THE STATE OF NORTH CAROLINA

No. 8510SC590

(Filed 21 January 1986)

1. **Administrative Law § 5; Waters and Watercourses § 3.2— dumping industrial wastes into river—consent order issued without hearing—petitioner as "aggrieved person"**

A consent special order issued by respondent Commission to a corporation allowing it to discharge effluents into the Pigeon River was issued without a hearing and by its own terms purported to take precedence in some respects over the terms of a proposed National Pollutant Discharge Elimination System

State of Tennessee v. Environmental Management Comm.

(NPDES) permit to the corporation so that the right of petitioner State of Tennessee to be heard was impaired, and it therefore qualified as an "aggrieved person"; furthermore, petitioner alleged that its property rights in the Pigeon River were affected, and these allegations also established petitioner's "aggrieved person" status. N.C.G.S. 150A-43.

**2. Administrative Law § 5— consent special order—final order**

A consent special order issued by respondent Commission to a corporation pursuant to N.C.G.S. 143-215.2 was a final order by the Commission.

**3. Administrative Law § 5; Waters and Watercourses § 3.2— dumping industrial wastes into river—special consent order—no hearing—contested case**

A consent special order issued by respondent Commission to a corporation allowing it to discharge effluents into the Pigeon River was a "contested case" as required by N.C.G.S. 150A-43, though no adjudicatory hearing was required for the consent special order, since such orders, by statute, have the same force and effect as a special order issued pursuant to a hearing; moreover, though this case arose on its technical basis solely from a challenge to the consent special order, which did not require a hearing, this particular order is alleged to intrude upon the NPDES permit process, which does require such a hearing, and the statutorily created rights of those not parties to the order have been affected and can be contested.

**4. Administrative Law § 5; Waters and Watercourses § 3.2— dumping industrial wastes into river—permit process circumvented—administrative remedies exhausted**

Petitioner exhausted all its administrative remedies within the meaning of N.C.G.S. 150A-43 where respondent contended that petitioner had no remedies whatsoever and could avail itself only of the chance to be heard on the issuance of the new NPDES permit, but petitioner alleged that the consent special order, for which it sought review, was being used to circumvent the permitting process; moreover, petitioner had no other avenue for judicial review, the review provision of the Water and Air Resources Act being applicable only to parties to a Commission order.

APPEAL by petitioner from *Bailey, Judge.* Judgment entered 4 April 1985 in WAKE County Superior Court. Heard in the Court of Appeals 21 November 1985.

On 21 November 1984 the State of Tennessee, on behalf of the Tennessee Department of Health and Environment and the Tennessee Wildlife Resources Agency, filed a petition for judicial review of a consent special order entered into pursuant to N.C. Gen. Stat. § 143-215.2 (1983) by the North Carolina Environmental Management Commission (Commission) and Champion International Corporation (Champion). Respondent Commission filed a motion to dismiss for failure to state a claim upon which relief can be

granted, N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. The trial court granted this motion and petitioner appealed.

*Attorney General and Reporter for the State of Tennessee W. J. Michael Cody, by Deputy Attorney General Frank J. Scanlon and Assistant Attorney General Michael D. Pearigen; and Sanford, Adams, McCullough & Beard, by Robert W. Spearman, for petitioner.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Daniel C. Oakley, for respondent Environmental Management Commission.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for respondent Champion International Corporation.*

WELLS, Judge.

The sole issue before this Court is whether the trial court erred in granting the Commission's motion to dismiss under Rule 12(b)(6). The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. *Leasing Corp. v. Miller*, 45 N.C. App. 400, 263 S.E. 2d 313, *disc. rev. denied*, 300 N.C. 374, 267 S.E. 2d 685 (1980). A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim. *Id.* When making a ruling under this rule, the complaint must be viewed as admitted and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. *Andreson v. Eastern Realty Co.*, 60 N.C. App. 418, 298 S.E. 2d 764 (1983).

The State of Tennessee's petition was made pursuant to N.C. Gen. Stat. § 150A-43 (1983), which reads in pertinent part as follows:

> Any person who is aggrieved by a final agency decision in a contested case, and who has exhausted all administrative remedies made available to him by statute or agency rule, is entitled to judicial review of such decision under this Article, unless adequate procedure for judicial review is provided by

some other statute, in which case the review shall be under such other statute.

Thus, there are five requirements under this statute: (1) plaintiff must be an aggrieved person; (2) there must be a final agency decision; (3) the decision must result from a contested case; (4) petitioner must have exhausted administrative remedies; and (5) there must be no other adequate procedure for judicial review. *Dyer v. Bradshaw*, 54 N.C. App. 136, 282 S.E. 2d 548 (1981).

[1]  We first examine whether the State of Tennessee may be termed an "aggrieved person." " 'Person aggrieved' means any person, firm, corporation, or group of persons of common interest who are directly or indirectly affected substantially in their person, property, or public office or employment by an agency decision." N.C. Gen. Stat. § 150A-2(6) (1983). "Person" includes any "body politic." N.C. Gen. Stat. § 150A-2(7) (1983).

The State of Tennessee has two interests, one legal and one property, which are substantially affected by the issuance of the Commission's consent special order. A National Pollutant Discharge Elimination System (NPDES) permit, issued pursuant to North Carolina's Water and Air Resources Act, N.C. Gen. Stat. § 143-211 *et seq.*, must be in conformity with the requirements of the Federal Clean Water Act, 33 U.S.C. § 1251 *et. seq.*, specifically 33 U.S.C. § 1342(b)(3) and (5) (1978), which requires that an affected state must be given notice and opportunity to be heard by the issuing state regarding the terms and conditions of the proposed permit. This federal requirement is reflected in N.C. Gen. Stat. § 143-215.1(c)(2)a and (c)(3) (1983). The Commission is currently in the process of reissuing an NPDES permit to Champion to discharge effluents into the Pigeon River, which flows across North Carolina for twenty-six miles into Tennessee. Petitioner alleges that the dark color and foul odor of the effluent has rendered the river useless to Tennessee citizens and that it desires to have the problem corrected through this State's permitting process. The consent special order was issued by the Commission to Champion pursuant to N.C. Gen. Stat. § 143-215.2 (1983) and does not require a hearing. Petitioner alleges that, by the terms of the consent special order, it purports to take precedence in some respects over the terms of the proposed NPDES

State of Tennessee v. Environmental Management Comm.

permit to Champion as it is scheduled to be heard.[1] Since this allegation must be taken as true, *Andreson, supra,* it can be seen that petitioner's right to be heard on these aspects of the permit has been substantially impaired. This "procedural injury" is sufficient under G.S. 150A-43 to qualify petitioner as an "aggrieved person." *See Orange County v. Dept. of Transportation,* 46 N.C. App. 350, 265 S.E. 2d 890, *disc. rev. denied,* 301 N.C. 94 (1980).

Also, the State of Tennessee alleges that the consent special order contains provisions substantially identical to provisions it opposes in the proposed NPDES permit, which affects the property rights of the State of Tennessee in the Pigeon River. These allegations also establish petitioner's "aggrieved person" status.

[2] The second issue is whether the consent special order constituted a final decision by the Commission. The statutes are clear on this point. "Any person against whom a special order is issued shall have the right to appeal in accordance with the provisions of G.S. 143-215.5. Unless such appeal is taken within the prescribed time limit, the special order of the Environmental Management Commission shall be final and binding." G.S. 143-215.2(c). The cross-referenced statute deals with the procedure of parties to the order to obtain judicial review of final orders or decisions. G.S. 143-215.5. A consent special order has the same force and effect as a special order issued pursuant to a hearing. G.S. 143-215.2(a). We hold that the consent special order is a final decision by the Commission.

[3] The petitioner next contends that a consent special order is a "contested case," as required by G.S. 150A-43. "Contested case" is defined as "any agency proceeding, by whatever name called, wherein the legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for an adjudicatory hearing." G.S. 150A-2(2). The Legislature has provided that no special order shall be issued by the Commission without an adjudicatory hearing. G.S. 143-215.2(b). Though such a hearing is not required for a consent special order, consent special orders "shall have the same force and effect as a special order . . . issued pursuant to a hearing." G.S. 143-215.2(a).

---

1. We do not address in this opinion the problem posed by a consent special order which does not provide that its terms will take priority over terms in an NPDES permit.

Also, though this case arises on its technical basis solely from a challenge to the consent special order, which does not require an adjudicatory hearing, this particular order is alleged to intrude upon the NPDES permit process, which does require such a hearing. The statutorily-created rights of those not parties to the order have been affected and can be contested. The unique procedural overlap here mandates that this consent special order not be treated simply as an action between two parties in which no third party is affected.

We hold that this case was "contested" for the purposes of G.S. 150A-43. To hold otherwise in this case would produce the anomalous result that an NPDES permittee and the Commission could join in a consent agreement to circumvent the procedures of the permitting process. Such a holding would be antithetical to the avowed letter and spirit of federal and North Carolina legislation guaranteeing the public a right to be heard. Where possible, it is the duty of the appellate courts to interpret statutes so as to be consistent with each other. *Orange County v. Dept. of Transportation, supra.*

[4] The petitioner has exhausted all its administrative remedies. In fact, as regards the consent special order, the Commission contends that the petitioner has no remedies whatsoever and can avail itself only of the chance to be heard on the issuance of the new NPDES permit. Since the petitioner alleges that the consent special order is being used to circumvent the permitting process, and we must accept this as true, opportunity to be heard only during the permitting process cannot be an effective remedy for this injury.

Finally, the State of Tennessee has no other avenue for judicial review. The Water and Air Resources Act has a provision for judicial review, N.C. Gen. Stat. § 143-215.5 (1983), but it applies by its terms only to parties to a Commission order. "Person aggrieved," the phrase in G.S. 150A-43 that grants petitioner standing, is not used here. Petitioner's only choice is to use the broader terms of G.S. 150A-43.

Petitioner has fulfilled the five requirements set forth in G.S. 150A-43 for judicial review of an administrative agency action. We hold that the trial court should consider the State of Tennessee's petition on its merits.

Reversed and remanded.

Judges ARNOLD and PARKER concur.