## BROWN v. BROWN

[112 N.C. App. 619 (1993)]

JAMES DAVID BROWN v. SUSAN ELAINE JONES BROWN

No. 9218DC1019

(Filed 16 November 1993)

**Divorce and Separation § 520 (NCI4th)— separation agreement— remedies provision—unambiguous language—no failure to perform—complaint properly dismissed**

There was no merit to plaintiff's contention that he had been the prevailing party under the parties' separation agreement in earlier actions and was thus entitled to the attorney's fees as specified in the remedies provision of that agreement, since the language of the remedies provision was unambiguous; a party must have failed at some performance under the separation agreement in order for the other party to be a prevailing party; no failure to perform under that agreement appeared from the face of the complaint; and the trial court therefore properly dismissed the complaint.

**Am Jur 2d, Divorce and Separation §§ 829, 838 et seq.**

Appeal by plaintiff from judgment entered 6 May 1992 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 27 September 1993.

The Browns were married in 1982 and had one child, David, born of the marriage. On 6 March 1986, Susan Elaine Jones Brown (Mrs. Brown) filed a complaint against her husband, James David Brown (Mr. Brown), seeking a divorce from bed and board, alimony, child support and custody. On 21 April 1986, the parties entered into a separation agreement which settled all real property, personal property and debt divisions between them. On 29 April 1986, Mr. and Mrs. Brown entered into a consent order in which Mrs. Brown waived her claims to a divorce from bed and board and alimony. In addition, Mr. Brown agreed to pay child support for their minor child, for whom custody was awarded to Mrs. Brown. The consent order also entitled Mr. Brown to specified visitation privileges.

On 6 January 1987, Mr. Brown filed a combined "Motion to Divide Undivided Marital Property" and "Motion to Have Facts Relative to Consent Order Established and Preserved". In these motions, Mr. Brown requested that the court order a division of

photographs of the child and find facts concerning the consent order. On 4 February 1987, the court dismissed Mr. Brown's motions and awarded attorney's fees and costs to Mrs. Brown.

On 1 June 1987, Mrs. Brown filed a "Motion in the Cause for Contempt and for Temporary Restraining Order". This motion requested, among other things, that Mr. Brown be held in willful contempt of an order of the court and that a preliminary injunction be entered ordering Mr. Brown to refrain from contacting Mrs. Brown, their child, or any other third persons associated with them. A temporary restraining order was issued pursuant to Mrs. Brown's motion. Following a show cause hearing, Mrs. Brown's motions were dismissed.

On 21 February 1989, Mr. Brown filed a complaint seeking a declaration of rights under a provision in the separation agreement entitled "Remedies for Breach". Mrs. Brown counterclaimed seeking both compensatory and punitive damages for breaches of the separation agreement by Mr. Brown due to a pattern of harassment and molestation. On 8 January 1990, the trial court dismissed both Mr. Brown's complaint and Mrs. Brown's counterclaim and denied attorney's fees and costs to either party.

On 5 November 1991, Mr. Brown filed a complaint against Mrs. Brown requesting that he recover damages in excess of $10,000.00 for breaches of their separation agreement, reasonable attorney's fees for the filing of the complaint, and that costs of the action be taxed against Mrs. Brown. In his complaint, Mr. Brown alleged that he had been the prevailing party under their separation agreement in earlier actions and was thus entitled to the attorney's fees as specified in the remedies provision of that agreement. The remedies provision reads as follows:

REMEDIES FOR BREACH: If either party fails in the due performance of his or her obligation hereunder, the other party shall have the right, at his or her election, to sue for damages for breach of this Agreement, to sue for specific performance of this Agreement, or to rescind the Agreement and seek such legal remedies as may be available to him or her. In any such suit or proceeding, the party deemed to be the defaulting party shall be liable for the attorney's fees of the party deemed to be the prevailing party.

## BROWN v. BROWN

[112 N.C. App. 619 (1993)]

Mrs. Brown responded by filing a motion to dismiss the complaint for failure to state a claim on 6 January 1992. In her answer, filed on 20 March 1992, she asserted several affirmative defenses, including res judicata, collateral estoppel, statute of limitations and, again, failure to state a claim under Rule 12(b)(6). Mrs. Brown also moved for summary judgment, along with sanctions and attorneys' fees pursuant to both N.C. Gen. Stat. § 1A-1, Rule 11 (1990) and N.C. Gen. Stat. § 6-21.5 (1986).

On 5 June 1992, the trial court ordered the dismissal of Mr. Brown's complaint pursuant to Rule 12(b)(6) and set a hearing for the Rule 11 motions. On 3 September 1992, the trial court awarded Mrs. Brown $15,000 in sanctions after concluding that (1) Mr. Brown's complaint was not well grounded in fact or warranted by existing law, and (2) interposed for an improper purpose. From the judgment dismissing his complaint, Mr. Brown appeals. Mr. Brown has also appealed the issuance of Rule 11 sanctions against him. That appeal, however, is addressed separately in No. 9218DC1343.

*David F. Tamer for plaintiff-appellant.*

*Clark Wharton & Berry, by David M. Clark and Virginia S. Schabacker, for defendant-appellee.*

ARNOLD, Chief Judge.

In his sole argument on appeal, Mr. Brown argues the district court erred in dismissing his complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. Mr. Brown contends that his complaint stated a claim upon which relief could be granted and that the court should have allowed the case to proceed to trial. In reviewing a dismissal under Rule 12(b)(6), this Court is guided by the following principles:

> The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim. When making a ruling under this rule, the complaint must be viewed as admitted and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*State of Tennessee v. Environmental Management Comm.,* 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986) (citations omitted).

This appeal arises from Mr. Brown's confusion concerning the meaning of the "Remedies for Breach" provision in the parties' separation agreement and the rights it confers. The provision has been set out in full above and need not be repeated here. At the hearing on the Rule 12(b)(6) motion, Judge Daisy stated, "I don't think the language of the Separation Agreement is ambiguous . . . and I don't think it pertains to the outcome of the 1986 case, so I'm going to grant the 12(b)(6) motion."

We agree with the trial court and affirm the dismissal of Mr. Brown's complaint. We also believe the language of the remedies provision is unambiguous. A party must have failed at some performance under the separation agreement in order for the other party to be a prevailing party. Any such failure or default does not appear from the face of Mr. Brown's complaint. Moreover, Mrs. Brown's actions, often little more than defensive gestures, cannot be construed as a "failure in the due performance" of her obligations under the separation agreement. Furthermore, she does not become a defaulting party by virtue of these actions. Thus, the trial judge properly dismissed the complaint.

The trial court's order dismissing this action is affirmed.

Affirmed.

Judges LEWIS and WYNN concur.