JESSICA HARDY, A MINOR, BY AND THROUGH HER PARENT, GAIL HARDY, AND VIKTORIA KING, A MINOR, BY AND THROUGH HER PARENT, REVONDIA HARVEY-BARROW, PETITIONERS-APPELLANTS v. BEAUFORT COUNTY BOARD OF EDUCATION, RESPONDENT-APPELLEE

No. COA09-132

(Filed 17 November 2009)

**1. Schools and Education— judicial review of board of education's decision—long-term suspension—res judicata and collateral estoppel**

The superior court exercised the appropriate standard of review in affirming the long-term suspensions of two students for fighting, even though the literal language of the superior court's order seemingly dismissed appellants' respective petitions for judicial review. Moreover, the doctrines of *res judicata* and collateral estoppel prevented petitioners from asserting a claim that they had previously asserted in a companion case.

**2. Schools and Education— due process—admission of guilt**

The superior court did not err in a declaratory judgment action by determining petitioners were provided due process in two administrative hearings that upheld their long-term suspensions from school. A procedural due process denial cannot be established when the student admits guilt since prejudice cannot be shown. Even so, there was no evidence that correction of these alleged violations would have produced a more favorable outcome for petitioners.

Appeal by petitioners from orders entered 16 September 2008 by Judge William C. Griffin, Jr. in Beaufort County Superior Court. Heard in the Court of Appeals 1 September 2009.

*Advocates for Children's Services, Legal Aid of North Carolina, Inc., by Erwin Byrd and Lewis Pitts; and Children's Law Clinic, Duke University School of Law, by Jane Wettach, for the petitioners-appellants.*

*Tharrington Smith, L.L.P., by Curtis H. Allen III and Robert M. Kennedy, Jr., for defendant-appellees.*

*Roberts & Stevens, P.A., by Christopher Z. Campbell on behalf of North Carolina School Boards Association; and North Carolina School Boards Association, by Allison B. Schafer, amicus curiae.*

*North Carolina Justice Center, by Jack Holtzman, on behalf of Concerned Citizens for the Betterment of Beaufort County Schools, North Carolina Community Advocates for Revitalizing Education, and the North Carolina Justice Center, amici curiae.*

CALABRIA, Judge.

## I. Background

Jessica Hardy, a minor, by and through her parent, Gail Hardy, and Viktoria King, a minor, by and through her parent, Revondia Harvey-Barrow (collectively "petitioners"), appeal orders dismissing petitioners' declaratory judgment claims pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and affirming the decision of the Beaufort County School Board ("the Board"). We affirm the trial court.

Petitioners were tenth grade students at Southside High School in Beaufort County during the 2007-2008 school year. On 18 January 2008, multiple fights involving numerous students occurred at the school. One of these fights was between petitioners. As a result, petitioners were subsequently suspended for ten days, beginning 24 January 2008. Additionally, Dr. Todd Blumenreich, the principal of Southside High School ("the principal") recommended to Beaufort County School Superintendent Jeffrey Moss ("the superintendent"), long-term suspensions for petitioners for the remainder of the school year. The superintendent followed this recommendation and on 1 February 2008 suspended petitioners for the remainder of the 2007-

2008 school year. The superintendent provided each petitioner an appeal form, and these forms were completed and returned to the school on 6 February 2008.

Pursuant to procedures enacted by the Board, students may appeal their long-term suspensions first to the superintendent or his designee(s) and then to the Board itself. On 13 February 2008, petitioners each received their first review before a panel of administrators designated by the superintendent ("the panel"). At those hearings ("the panel hearings"), the principal explained to the panel the reasoning behind his recommendations. Petitioners, who were each represented by their mothers at their respective panel hearings, were given the opportunity to offer arguments to the panel as to why the length of the suspensions were inappropriate. Each mother admitted her daughter's involvement in the fight but maintained that overall they were good students and would benefit from another chance.

After the panel hearings, the panel recommended upholding both petitioners' long-term suspensions. The superintendent followed these recommendations. Petitioners then appealed their suspensions to the Board.

On 6 March 2008, petitioners each received a hearing before the Board ("the Board hearings"). Because it appeared the panel who conducted the panel hearings had considered evidence that had not been formally introduced, the Board voted to conduct *de novo* hearings in order to allow petitioners to respond to any and all of the evidence against them. Each petitioner was represented by an attorney at the Board hearings. After the Board hearings, the Board voted to uphold petitioners' respective long-term suspensions.

Subsequently, each petitioner filed a Petition for Judicial Review and Complaint for Declaratory Judgment against the Board in Beaufort County Superior Court. The Board filed motions to dismiss both of petitioners' actions. The trial court dismissed petitioners' declaratory judgment claims pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2007) for failure to state a claim upon which relief could be granted and affirmed the decision of the Board. Petitioners, after joining their individual actions, appeal.

## II. Dismissal Pursuant to Rule 12(b)(6)

[1] Petitioners argue that the superior court erred by dismissing their Petitions for Judicial Review pursuant to Rule 12(b)(6). After a careful review of the superior court's order, we disagree.

The actions initiated by petitioners each contained two distinct parts: (1) a "Complaint for Declaratory Judgment" and (2) a "Petition for Judicial Review." The superior court's final disposition of the case also contained two parts. The superior court: (1) dismissed petitioners' declaratory judgment claims pursuant to Rule 12(b)(6) and (2) affirmed the decision of the Board upholding petitioners' suspensions. These separate dispositions indicate that the trial court considered the two parts of petitioners' pleadings separately, and we review the superior court's determinations accordingly.

A. Dismissal of Declaratory Judgment

The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim. When making a ruling under this rule, the complaint must be viewed as admitted and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*State of Tennessee v. Envtl. Mgmt. Comm.*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986) (internal citations omitted).

Petitioners' respective Complaints for Declaratory Judgment contained three distinct claims. Petitioners asserted that: (1) N.C. Gen. Stat. § 115C-391(c) violated petitioners' fundamental right to have the opportunity to obtain a sound, basic education and was therefore unconstitutional; (2) the procedures contained in N.C. Gen. Stat. § 115C-391(c) & (e) did not adequately provide petitioners with due process; and (3) N.C. Gen. Stat. § 115C-391 (c) & (e) violated petitioners' constitutional right to equal protection of the law. The superior court dismissed each of these claims. On appeal, petitioners assign error only to dismissal of their first declaratory judgment claim, that N.C. Gen. Stat. § 115C-391(c) violates petitioners' fundamental right to have the opportunity to obtain a sound, basic education.

Petitioners argue that the final decision of the Board, approving the long-term suspension imposed by the superintendent, violated their fundamental right to a sound, basic education that was established by our Supreme Court in *Leandro v. State of North Carolina*, 346 N.C. 336, 488 S.E.2d 249 (1997). Petitioners have previously liti-

gated this claim, which was appealed to and considered by this Court in the companion cases *King v. Beaufort Cty. Bd. of Educ.*, —— N.C. App. ——, —— S.E.2d —— (2009) and *Hardy v. Beaufort Cty. Bd. of Educ.*, —— N.C. App. ——, —— S.E.2d (2009), where the claim was found to be without merit. The superior court correctly concluded that under the doctrines of *res judicata* and collateral estoppel, petitioners were not permitted to pursue their same *Leandro* claim again in the instant case. This assignment of error is overruled.

### B. Review of the Board's Decision

The standard of review on appeal from a decision of a local board of education is set forth in N.C. Gen. Stat. § 150B-51(b), which provides that the reviewing court may:

> reverse or modify the agency's decision, or adopt the administrative law judge's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions or decisions are:

> (1) In violation of constitutional provisions; (2) In excess of the statutory authority or jurisdiction of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or (6) Arbitrary, capricious, or an abuse of discretion.

N.C. Gen. Stat. § 150B-51(b) (2007).

> The proper standard for the superior court's judicial review depends upon the particular issues presented on appeal. When the petitioner contends that the decision of the agency, here the local school board, was unsupported by the evidence or was arbitrary or capricious, then the reviewing court must apply the "whole record" test. The "whole record" test requires the reviewing court to examine all competent evidence (the "whole record") in order to determine whether the agency decision is supported by "substantial evidence." Substantial evidence is that which a reasonable mind would regard as adequately supporting a particular conclusion. When the petitioner argues that the decision of the agency violates a constitutional provision, the reviewing court is required to conduct a *de novo* review.

*In re Roberts*, 150 N.C. App. 86, 90, 563 S.E.2d 37, 40 (2002) (internal quotations and citations omitted), *overruled on other grounds by*

*N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 599 S.E.2d 888 (2004). This Court "examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Amanini v. N.C. Dep't of Human Resources*, 114 N.C. App. 668, 675, 443 S.E.2d 114, 118-19 (1994) (internal citations omitted).

In the instant case, each of the trial court's orders included the following conclusions of law:

3. After reviewing the Board's alleged violations of petitioner's constitutional rights de novo, the Court finds no violation of petitioner's right to due process, equal protection, or to the opportunity for a sound, basic education.

4. Applying the whole record test to petitioner's claims that the Board abused its discretion and acted arbitrarily and capriciously, the Court finds that the decision of the Board upholding petitioner's long term suspension was not arbitrary, capricious, or an abuse of discretion.

These conclusions indicate that even though the literal language of the superior court's order seemingly dismissed petitioners' respective "Petitions for Judicial Review," the superior court in fact exercised the appropriate appellate standard of review in affirming the Board's decision. This assignment of error is overruled.

### III.  Due Process

[2] Petitioners argue that the superior court erred in determining they were provided due process in the two administrative hearings that upheld their long-term suspensions. Specifically, petitioners argue that their due process rights were violated because (1) due process requires a full evidentiary pre-deprivation hearing before the imposition of a long-term suspension; and (2) the Board failed to follow its own published policies when it reviewed petitioners' suspensions. We disagree.

When petitioners allege that an agency's decision, here the local school board, is based on an error of law, the proper review is *de novo* review. *Carroll*, 358 N.C. at 659, 599 S.E.2d at 894. "Under the *de novo* standard of review, the trial court considers the matter anew and freely substitutes its own judgment for the agency's." *Id.* at 660, 599 S.E.2d at 895 (internal quotation and citation omitted).

"[A] student facing suspension has a property interest that qualifies for protection under the Due Process Clause of the Fourteenth Amendment." *Roberts*, 150 N.C. App. at 92, 563 S.E.2d at 41 (citation omitted). "The student's interest is to avoid unfair or mistaken exclusion from the educational process. . . ." *Id.* at 92, 563 S.E.2d at 42 (internal quotation and citation omitted). "In order to establish a denial of due process, a student must show substantial prejudice from the allegedly inadequate procedure." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1242 (10th Cir. 2001). In *Roberts*, this Court determined that when a student factually disputes the basis for his or her long-term suspension, due process requires that the student "have the opportunity to have counsel present, to confront and cross-examine witnesses supporting the charge, or to call his own witnesses to verify his version of the incident." 150 N.C. App. at 93, 563 S.E.2d at 42.

In the instant case, it is important to note that throughout the appeals process, both petitioners, unlike the student in *Roberts*, admitted their involvement in the altercation that led to their suspensions. The arguments made by petitioners' parents during the panel hearings and by petitioners' attorney during the Board hearings were attempts to mitigate petitioners' punishments; they did not attempt to challenge petitioners' guilt. Under these circumstances, it is unnecessary to determine whether the Board's procedure violated petitioners' due process rights.

A procedural due process denial cannot be established when the student admits guilt because prejudice cannot be shown. *See, e.g., Beckel*, 242 F.3d at 1242; *Keough v. Tate County Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir. 1984). Even assuming, *arguendo*, that the due process violations alleged by petitioners were substantiated, there is no evidence that correction of these alleged violations would have produced a more favorable outcome for petitioners. After admitting their guilt, petitioners were provided ample opportunities to argue for mitigation of their punishment in the administrative hearings before the panel and the Board. Petitioners have failed to show an "unfair or mistaken exclusion from the educational process. . . ." *Roberts*, 150 N.C. App. at 92, 563 S.E.2d at 42. While a different result may have been reached under these facts if petitioners had been contesting the factual basis for their suspensions, we hold that in the circumstances of the instant case petitioners failed to prove they were denied procedural due process.

IV. Conclusion

The record on appeal includes an additional assignment of error not addressed by petitioners and cross-assignments of error not addressed by the Board in their respective briefs to this Court. Pursuant to N.C.R. App. P. 28(b)(6) (2008), we deem these assignments of error abandoned and need not address them. The trial court properly dismissed petitioners' declaratory judgment claims and properly affirmed the decision of the Board.

Affirmed.

Judges WYNN and ELMORE concur.