FOUR SEASONS HOMEOWNERS ASSOCIATION, INC. v. W. K. SELLERS

FOUR SEASONS HOMEOWNERS ASSOCIATION, INC. v. THOMAS G. SIMP-SON

No. 8226DC602

(Filed 17 May 1983)

**1. Rules of Civil Procedure §§ 8.1, 12.1— failure to grant motion to require repleading—no error**

Where defendant did not move for a more definite statement pursuant to G.S. 1A-1, Rule 12(e), and where plaintiff's complaint complied with the G.S. 1A-1, Rule 8(a)(1) requirements, the trial court did not err in failing to grant defendant's motion to require plaintiff to replead since defendant's remedy for additional facts was to use discovery pursuant to Article 5, G.S. 1A-1, Rule 26 *et seq.*

**2. Rules of Civil Procedure § 40— denial of continuance—proper**

The trial judge did not abuse his discretion by denying defendant's motion for a continuance made at the beginning of trial and seventy-seven days after plaintiff's complaint was filed. G.S. 1A-1, Rule 40(b).

**3. Rules of Civil Procedure § 12.1— waiving defense of failure to join necessary party**

Defendant waived his defense of failure to join a necessary party pursuant to G.S. 1A-1, Rule 12(b)(7) by failing to raise the issue prior to appeal. G.S. 1A-1, Rule 12(h)(2).

**4. Appeal and Error § 28.1— failure to except to trial court's findings or conclusions—presumed supported by evidence**

Where defendant failed to except to any of the trial court's findings of fact or conclusions of law, they are presumed to be supported by competent evidence and are binding on appeal. App. Rule 10.

**5. Deeds § 20— restrictive covenants—touch and concern land**

In an action brought by a homeowners' association against defendants for unpaid monthly assessments which were required by the restrictive covenants, the trial court properly found that the covenants, conditions, and restrictions were enforceable as covenants running with the land since (1) the original instrument contemplated the covenants would run with the land, (2) there was privity of estate between the parties, and (3) the recreational facilities touched and concerned the land in that they were for the use of all people who live in the subdivision.

**6. Deeds § 20.7— enforcement of restrictive covenants—payment of attorneys' fees**

Where a restrictive covenant clearly provided for the collection of attorneys' fees, the trial court properly allowed attorneys' fees as part of the costs against defendant.

**7. Deeds § 20— restrictive covenants in defendants' chain of title**

Where the deed from the first owner of defendants' lot clearly specified that the conveyance was subject to a recorded declaration of restrictions, the restrictions were within defendants' chain of title.

APPEAL by defendants from *Brown, Judge.* Judgments entered 10 March 1982 in District Court, MECKLENBURG County. Heard in the Court of Appeals 20 April 1983.

On 5 November 1981, plaintiff Homeowners Association filed a complaint against defendants for unpaid monthly assessments which were required by the restrictive covenants in the Four Seasons subdivision. The Declaration of Covenants, Conditions and Restrictions for Four Seasons subdivision was on file at the register of deeds, recorded in Book 3347, at page 215. The Declaration provided that all the property in the subdivision would be sold subject to the restrictions, which were to be construed as running with the land. The restrictions established a Homeowners Association composed of every lot owner. The Association has the power to levy assessments to provide funds for, among other things, maintenance, landscaping, and beautification of the common areas of the subdivision. The common areas are all the real property owned by the Association for the use and enjoyment of members of the Association. Every owner has a nonexclusive right and easement of enjoyment in the common areas. The easements are appurtenant to each lot. The Declaration also provides that an owner who fails to pay his assessment may be charged for interest, attorneys' fees, and the costs of collection. The charge may be a lien on the land and a personal obligation of the owner.

The small claim actions were dismissed by the Magistrate upon a finding that plaintiff failed to prove its case by the greater weight of the evidence. Plaintiff appealed for a trial de novo in District Court. Defendant Sellers filed a motion for a continuance and a motion to require plaintiff to replead. The motions were denied.

The District Court, pursuant to G.S. 1A-1, Rule 52, made the following findings of fact and conclusions of law. The covenants and restrictions obligated defendants to pay maintenance assessments and attorneys' fees in the event that collection of unpaid assessments is referred to an attorney. Defendant Sellers

owed $675.88 in unpaid maintenance assessments. Defendant Simpson owed $798.76 in unpaid maintenance assessments. Each defendant owed interest at six percent until the date of judgment and eight percent from the date of judgment until paid. Defendants owed plaintiff attorneys' fees of $250.00. The judgments were entered 8 February 1982.

Defendants moved for a new trial pursuant to G.S. 1A-1, Rule 59 on the grounds that the District Court's conclusion was contrary to the holding in *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978). Their motions were granted. The parties presented additional evidence through affidavits at the new trial. The court concluded that the 8 February 1982 judgment was not contrary to law and entered a judgment identical to the previous judgment.

*Grier, Parker, Poe, Thompson, Bernstein, Gage and Preston, by William P. Farthing, Jr., and Christian R. Troy, for plaintiff appellee.*

*William D. McNaull, Jr., for defendant appellants.*

VAUGHN, Chief Judge.

At the outset, we note that defendants' assignments of error, as set forth in the record, fail to comply with Rule 10(c), Rules of Appellate Procedure. Rule 10(c) provides, in part:

> The exceptions upon which a party intends to rely shall be indicated by setting out at the conclusion of the record on appeal assignments of error based upon such exceptions. Each assignment of error shall be consecutively numbered; shall, so far as practicable, be confined to a single issue of law; shall state plainly and concisely and without argumentation the basis upon which error is assigned; and shall be followed by a listing of all the exceptions upon which it is based, identified by their numbers and by the pages of the record on appeal at which they appear.

Defendants, however, merely grouped all their assignments of error into two assignments of error each consisting of several issues. Technically, this is ineffectual as a broadside assignment. *See Gregory v. Lynch*, 271 N.C. 198, 155 S.E. 2d 488 (1967); *Horton v. Redevelopment Commission*, 262 N.C. 306, 137 S.E. 2d 115

(1964), *modified,* 266 N.C. 725, 147 S.E. 2d 241 (1966); 1 Strong's North Carolina Index 3d, Appeal and Error § 24.1.

[1] Defendant Sellers' first argument is that the trial court erred in failing to grant his motion to require plaintiff to replead, which was filed 18 January 1982, more than two months after the complaint was filed. Plaintiff's complaint against Sellers is as follows:

> For payment of Homeowners Association monthly assessments.

> 1. Plaintiff is a resident of Mecklenburg County; defendants are residents of Mecklenburg County, North Carolina.

> 2. Defendant owes plaintiff $675.88 for payment of Homeowners Association monthly assessments due plaintiff plus reasonable attorneys fees as allowed by the Association Covenants and Restrictions.

> Wherefore plaintiff demands judgment against defendant for the amount of $675.88 plus interest at 6% per annum from the 30th day of April, 1981, and reimbursement for court costs.

> This 2nd day of November, 1981.

Sellers did not move for a more definite statement pursuant to G.S. 1A-1, Rule 12(e). The complaint complied with the G.S. 1A-1, Rule 8(a)(1) requirement of "A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief. . . ." Sellers' remedy for additional facts was to use discovery pursuant to Article 5, G.S. 1A-1, Rule 26 *et seq. See Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970); *Ross v. Ross,* 33 N.C. App. 447, 235 S.E. 2d 405 (1977).

[2] Defendant Sellers' second argument is that the trial court erred by denying his motion for a continuance. A continuance may be granted only for good cause shown. G.S. 1A-1, Rule 40(b). A motion for continuance is addressed to the sound discretion of the trial judge. *Shankle v. Shankle,* 289 N.C. 473, 223 S.E. 2d 380 (1976). Defendant moved for a continuance at the beginning of

trial on 21 January 1982, seventy-seven days after plaintiff's complaint was filed. Defendant contends he was entitled to 120 days for discovery, so the motion for continuance should have been granted. Defendant, however, misreads Rule 8, General Rules of Practice (adopted pursuant to G.S. 7A-34), which does not require 120 days for discovery, but limits discovery to no more than 120 days. Defendant should have heeded the second paragraph of Rule 8: "Counsel are required to begin promptly such discovery proceedings as should be utilized in each case, and are authorized to begin even before the pleadings are completed." We find no abuse of discretion in the denial of defendant's motion for a continuance.

[3] Defendants' next argument, which they have not raised prior to this appeal, is that the court erred in entering judgment on the grounds that the property was owned by the entireties and defendants' wives were not parties to the action. Defendants, however, have waived this defense because they did not move for dismissal due to failure to join a necessary party pursuant to G.S. 1A-1, Rule 12(b)(7). G.S. 1A-1, Rule 12(h)(2). The comment to G.S. 1A-1, Rule 12 clarifies this point.

> The waiver provisions of Rule 12(h) provide in effect that the defenses of failure to state a claim, or failure to join a necessary party may be raised at any time before verdict. After verdict however, the defenses of failure to state a claim and failure to join a necessary party cannot then be raised or noted for the first time.

[4] Defendants' third argument is that the court erred in ruling that the covenants, conditions, and restrictions were enforceable as covenants running with the land. Defendants, however, failed to except to any of the trial court's findings of fact or conclusions of law. Rule 10(a), Rules of Appellate Procedure, provides: "Except as otherwise provided in this Rule 10, the scope for review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal in accordance with this Rule 10. No exception not so set out may be made the basis of an assignment of error. . . ." Since no exceptions were taken to the findings of fact, they are presumed to be supported by competent evidence and are binding on appeal. *City of Goldsboro v. Atlantic Coastline Railroad,* 246 N.C.

101, 97 S.E. 2d 486 (1957). Accordingly, the exception to the signing of judgment properly presents for review only two questions: whether the judgment rendered is supported by the findings of fact and whether any error of law appears on the face of the record. *Bailey v. Bailey*, 243 N.C. 412, 90 S.E. 2d 696 (1956). Since the trial judge found the covenants and restrictions ran with the land, and defendants were delinquent in paying the required assessments, the judgment obviously was supported by the findings of fact and conclusions of law. Although not necessary to the disposition of this case, we will briefly address the issues defendants have attempted to raise in their brief.

[5] Had defendants properly excepted to the findings of fact on which they try to base their assignments of error, their assignments of error would, nevertheless, be overruled for the following reasons. Defendants argue, in essence, that the restrictions and covenants are void because they do not run with the land. The essential requirements for a real covenant are: "(1) the intent of the parties as can be determined from the instruments of record; (2) the covenant must be so closely connected with the real property that it touches and concerns the land; and, (3) there must be privity of estate between the parties to the covenant." *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 669, 248 S.E. 2d 904, 908 (1978). Here, it is obvious the original instrument contemplated the covenants would run with the land. It is also undisputed that there is privity of estate between the parties. Apparently, defendants are contending the second requirement, touching and concerning the land, is not met. To touch and concern the land the object of the covenant must be annexed to, inherent in, or connected with, the land. *Raintree, supra.* Defendants argue that the covenant does not touch and concern the land because some of the recreational facilities, which are financed by the maintenance fees, are several blocks away from defendants' lots. The covenant, however, runs with each lot in the entire subdivision of which defendants' lots are but a small part. The recreational facilities are in the subdivision, for the use of all the people who live in the subdivision. It does not matter that the facilities are not adjacent to each lot, it is sufficient that they touch and concern the entire subdivision. Defendants argue that *Raintree* supports their contention that the facilities do not touch and concern the land. Their reliance on *Raintree* to support their

argument is misplaced. In *Raintree*, the lots in the subdivision were subject to recorded covenants, conditions, and restrictions. The relevant restrictions were: (1) the property owners had rights of enjoyment in the common areas; (2) each owner and subsequent owners covenant to pay assessments to the Homeowners Association for maintenance of common areas and other purposes by accepting a deed; (3) every owner is a mandatory member of the Raintree Country Club and must pay club dues; and (4) unpaid maintenance assessments and unpaid club dues subject the owner's lot to a lien. The plaintiff, Raintree Corporation, brought the action against defendants for balance due on maintenance assessments, country club dues, interest, and attorneys' fees. The trial court dismissed the action on the ground that Raintree Corporation was not the real party in interest. In affirming the trial court's entry of summary judgment for defendants, the Court of Appeals agreed that Raintree Corporation was not the real party in interest to collect the maintenance assessments. Instead, the Homeowners Association should have brought the action. As to the country club dues, this Court held that the covenant was personal because the country club facilities did not touch and concern the land. (Also, it is unlikely that there was privity of estate.) This case is easily distinguishable from *Raintree* because the recreation facilities here are not in a country club, but are actually on the Four Seasons subdivision for the benefit of the lot owners.

[6] Defendants' fourth argument is that the court erred in allowing attorneys' fees as part of the costs against each defendant. Again, defendants failed to except to the findings of fact and conclusions of law regarding the attorneys' fees. Regardless, this assignment of error is overruled because the covenant clearly provides for the collection of attorneys' fees:

> In order to secure payment of the annual and special assessments hereinabove provided, such charges as may be levied by the Association against the Lot(s), together with interest, costs of collection and reasonable attorneys fees, shall be a charge on the land and shall be a continuing lien upon the property against which each such assessment or charge is made. Each such assessment, together with interest, costs of collection and reasonable attorneys fees shall also be the per-

sonal obligation of the person who is the Owner of such Lot at the time when the assessment fell due.

[7] Defendants' last argument is that the trial court erred in rendering judgment against defendant Sellers because the covenants were not in his chain of title. Again, we note that Sellers failed to except to any findings of fact, this assignment of error is based only on exceptions to the judgments. This assignment of error is without merit for the additional reason that the exhibits on record clearly show that the covenants are in Sellers' chain of title. Exhibit nine, the deed from The Ervin Company to Steven and Rachael Nelsin, provides:

> Without limitation, this conveyance is made subject to Declaration of Restrictions recorded in Book 3715 at page 86, and to Supplement to Declaration of Covenants, Conditions and Restrictions recorded in Book 3722 at page 333 in the Mecklenburg Public Registry.

Exhibit eight is a deed from the Nelsins to Wayne and Sandra Smith. Exhibit seven is a deed from the Smiths to Calvin and Rose Cooke. Exhibit six is a deed from the Cookes to defendant Wilbur Sellers and his wife Anne Sellers. A purchaser of land has the duty to examine every recorded deed or instrument in his line of title; he is conclusively presumed to know the contents of such instruments and is put on notice of any fact or circumstance affecting his title which is disclosed by such instruments. *Lamica v. Gerdes*, 270 N.C. 85, 153 S.E. 2d 814 (1967); *Turner v. Glenn*, 220 N.C. 620, 18 S.E. 2d 197 (1942). The deed from The Ervin Company to the first owner of Sellers' lot clearly specifies that the conveyance is subject to the recorded Declaration of Restrictions. This deed is in Sellers' line of title, so he is presumed to know the contents of the Declaration of Restrictions.

For the reasons stated, the judgments appealed from are

Affirmed.

Judges HEDRICK and ARNOLD concur.