STATE OF NORTH CAROLINA ex rel. JOSEPH W. GRIMSLEY, SECRETARY
NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND
COMMUNITY DEVELOPMENT v. WEST LAKE DEVELOPMENT, INC.

No. 849SC153

(Filed 18 December 1984)

1. **Contempt of Court § 7— failure to obey injunction—general manager impris-
oned and fined**

     Where defendant corporation did not obey a mandatory preliminary in-
junction ordering the installation and maintenance of temporary erosion and
sediment control devices, the court had the authority to order that defendant's
general manager be imprisoned and fined. Findings that the manager directed
defendant's operation and had notice of the order were supported by the
evidence and brought him within the express provisions of G.S. 1A-1, Rule
65(b).

2. **Contempt of Court § 8— stipulation to willful disregard of court order—no ex-
ception on appeal—defense of inability to comply precluded**

     Defendant could not present the defense of inability to comply after
stipulating at trial to a finding that it had failed to install erosion control
devices in willful disregard of a court order and did not except to that finding
on appeal.

APPEAL by defendant from *Herring, Judge.* Order entered 4
November 1983 in Superior Court, GRANVILLE County. Heard in
the Court of Appeals 26 October 1984.

Plaintiff sought to restrain defendant and others under de-
fendant's direction or control from violating provisions of the
Sedimentation Pollution Control Act of 1973, N.C. Gen. Stat.
113A-50 *et seq.* The trial court entered a mandatory preliminary
injunction ordering defendant to "install and . . . maintain tem-
porary erosion control and sedimentation control devices and
measures, acceptable to the state . . . ." The order provided that
it was "enforceable by and through the contempt powers of [the]
court, pursuant to G.S. 5A-21, *et seq.*"

Upon plaintiff's motion the court subsequently ordered de-
fendant to show cause why it should not be held in contempt for
failure to comply with the foregoing order. At the show cause
hearing counsel for both parties stipulated to the following find-
ings of fact:

1. That defendant corporation and its president, Jarrell Brock, had notice of the . . . order . . . on the day it was entered.

2. That by its terms the order required that the defendant establish adequate erosion control devices on the property . . . so as to prevent sediment from leaving the site and to prevent violation of the . . . Act . . . .

3. That although the time for complying with the order has expired defendant has failed to install adequate erosion control devices on the property and has failed to do so in willful disregard of this court's order.

The court concluded that defendant was in willful contempt. It ordered: that Jarrell Brock, defendant's president, be imprisoned for thirty days; that defendant pay a fine of $1,000; that defendant take the necessary action to bring the property into compliance by 31 October 1983 as a condition of purging itself of contempt and having Brock's sentence suspended; and that defendant appear on 31 October 1983 to demonstrate that the property had been brought into compliance.

On 4 November 1983 the court entered a further order finding: that Brock is defendant's general manager rather than its president, and he directs the operation of the company; that defendant had failed to satisfy the court that the property was in compliance with the Act; that defendant had done a substantial amount of work toward bringing the property into compliance; but that defendant had failed in several respects to complete the erosion control measures called for in plaintiff's plan. The court concluded that defendant remained in violation of the Act and in contempt of its order. It ordered that Brock be imprisoned for seven days, rather than thirty as previously provided, and that Brock and defendant "jointly and severally" pay a fine of $1,000.

Defendant appeals.

*Walter M. Smith, Assistant Attorney General, for the State, plaintiff appellee.*

*Banzet, Banzet & Thompson, by Lewis A. Thompson, III, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court lacked jurisdiction over its manager, Brock, and that the order imprisoning Brock for seven days and requiring him to pay a fine "was unlawful in that Brock had no notice that *he* might be held in contempt." We find the argument without merit.

The court found that Brock is defendant's general manager and directs its operation. Defendant has not excepted to this finding, and it is supported by competent evidence. Brock himself filed an affidavit stating that he is defendant's employee and "is responsible for the implementation of sedimentation and erosion control measures as they relate to that tract of land . . . which is the subject of this action." A witness for plaintiff testified that he had always dealt with Brock regarding erosion control measures on the subject property, and that Brock had always indicated that he "had the authority to deal for" defendant. Findings of fact in contempt proceedings are conclusive on appeal when supported by any competent evidence. *Clark v. Clark,* 294 N.C. 554, 571, 243 S.E. 2d 129, 139 (1978); *Rose's Stores v. Tarrytown Center,* 270 N.C. 206, 211, 154 S.E. 2d 313, 317 (1967). The finding that Brock is defendant's general manager and directs its operation thus is conclusive.

The court also found that Brock had notice of its order. It made this finding upon stipulation of the parties, and defendant has not excepted to it. This finding thus is also conclusive. *Homeowners Assoc. v. Sellers and Homeowners Assoc. v. Simpson,* 62 N.C. App. 205, 209, 302 S.E. 2d 848, 851-52 (1983).

G.S. 1A-1, Rule 65(d) provides that orders granting injunctions and restraining orders bind "the parties . . ., their officers, agents, servants, employees, and attorneys . . . who receive actual notice in any manner of the order . . . ." *See Trotter v. Debnam,* 24 N.C. App. 356, 361, 210 S.E. 2d 551, 554 (1975). The conclusive findings that Brock was defendant's manager and directed its operation, and that he had notice of the order, bring him within the express provisions of Rule 65(d). As a party's employee with actual notice, he was bound by the order.

"A command to [a] corporation is in effect a command to those who are officially responsible for the conduct of its affairs."

*Wilson v. United States*, 221 U.S. 361, 376, 31 S.Ct. 538, 543, 55 L.Ed. 771, 777 (1911). "If they, apprised of the order directed to the corporation, prevent compliance, or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt." 17 Am. Jur. 2d, Contempt § 12, at 17-18. *See* Annot., 7 A.L.R. 4th 893-929 (1981).

Applying these principles to the foregoing findings, we hold that the court had authority to punish Brock for defendant's willful contempt. It neither erred nor abused its discretion in doing so.

[2] Defendant further contends the court had to find that it had the capacity to comply, and that there was no evidence it had such capacity. At trial defendant stipulated to a finding "[t]hat although the time for complying with the order has expired defendant has failed to install adequate erosion control devices . . . and has failed to do so in willful disregard of [the] court's order." It has not excepted to this finding, and the finding thus is binding. *Homeowners Assoc.*, 62 N.C. App. at 209, 302 S.E. 2d at 851-52. This conclusive finding precludes presentation on appeal of a defense of inability to comply.

Affirmed.

Judges JOHNSON and PHILLIPS concur.