# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
January 6, 2016 Session

## PAUL B. SCHODOWSKI, D.P.M. ET AL. v. TELLICO VILLAGE PROPERTY OWNERS ASSOCIATION, INC. ET AL.

### Appeal from the Chancery Court for Loudon County
### No. 12293    Frank V. Williams, III, Chancellor

---

### No. E2015-01145-COA-R3-CV-FILED-APRIL 22, 2016

---

This case originated with the filing of a declaratory judgment action by the plaintiffs, Paul B. Schodowski, D.P.M., and Sharon Ann Ziegler ("Plaintiffs"), against the Tellico Village Property Owners' Association and its individual board members, Alan Hart, Ginny Ranck, Tom Lee, Claire Frazer, Joe Marlette, Cap Purvis, and Bob Coates (collectively, "TVPOA"). Plaintiffs alleged that the restrictive covenant regarding payment of annual assessments applicable to their lot in the Tellico Village development should not be enforced. TVPOA filed a motion to dismiss, asserting, *inter alia*, that Plaintiffs failed to state a claim upon which relief could be granted. The trial court granted the motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), determining that the restrictions were enforceable as written and that Plaintiffs had notice of the restrictions when they purchased their lot. Plaintiffs have appealed. Discerning no reversible error, we affirm the trial court's dismissal of Plaintiffs' complaint.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Sharon Ann Ziegler, Kingsport, Tennessee, for the appellants, Paul B. Schodowski, D.P.M., and Sharon Ann Ziegler.

Kevin C. Stevens and Briton S. Collins, Knoxville, Tennessee, for the appellees, Tellico Village Property Owners Association, Inc.; Alan Hart; Ginny Ranck; Tom Lee; Claire Frazer; Joe Marlette; Cap Purvis; and Bob Coates.

# OPINION

## I.  Factual and Procedural History

Plaintiffs have owned an undeveloped lot in the Tellico Village community since 2002.  In their complaint filed on March 4, 2015, Plaintiffs requested a declaratory judgment invalidating the restrictive covenant contained in the Declaration of Covenants and Restrictions of Tellico Village, Tennessee ("the Declaration"), which required the payment of annual assessments by all property owners.  Plaintiffs attached a copy of the Declaration to their complaint.  The Declaration provides in pertinent part:

> [E]ach Owner of a lot . . . by acceptance of a deed or certificate therefor . . . whether or not it shall be so expressed in any such deed, certificate, contract of purchase or other conveyance, shall be deemed to covenant and agree to pay to the Association:  (1) Annual Assessments, and (2) Special Assessments, such Assessments to be fixed, established and collected from time to time as hereinafter provided.  The Annual and Special Assessments, together with such interest thereon and costs of collection thereof, including a reasonable attorneys fee, as hereinafter provided, shall be a continuing charge and lien upon the Lot . . . against which each such Assessment is made.  Each such Assessment, together with such interest, costs and reasonable attorneys fees, shall also be the personal obligation of the Owners of such property at the time when the Assessment fell due.

The Declaration further provides that "[t]he covenants and restrictions of this Declaration shall run with and bind the land and shall inure to the benefit of and be enforceable by the Association or the Owners subject to this Declaration . . . ."  Plaintiffs admitted in their complaint that the Declaration had been in force since 1985 and was recorded in the Loudon County Register of Deeds office.

The annual assessments required by the Declaration are dedicated to the maintenance of common properties, defined in the Declaration as "property . . . intended to be devoted to the common use and enjoyment of the Owners."  The Declaration further provides that "[e]very Member of the Association . . . shall have a right and easement of enjoyment in and to the Common Properties."  Plaintiffs claimed, however, that (1) the obligation to pay annual assessments did not "touch" their lot or "run with the land"; (2) they had, at best, a revocable license to use common properties and not an easement; (3) the owners had no right to enforce the terms of the Declaration; and (4) the obligation to pay annual assessments constituted an unreasonable restraint on the alienability of their

2

lot.  For these reasons, Plaintiffs asked the trial court to declare the Declaration regarding the payment of annual assessments invalid.

On April 6, 2015, TVPOA filed a motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(1) and (6).  TVPOA asserted that the trial court lacked subject matter jurisdiction because Plaintiffs failed to join as parties all persons who might be affected by the requested declaration, such as other lot owners in the Tellico Village community.  TVPOA also posited that the complaint was time-barred by the applicable statute of limitations and/or laches.  TVPOA further asserted that the express language of the Declaration contradicted Plaintiffs' claims.  TVPOA sought dismissal of the complaint and an award of attorney's fees pursuant to the terms of the Declaration and Tennessee Code Annotated § 20-12-119(c)(1).  Attached to the motion was a plat map of the Chota Hills Subdivision, the portion of the Tellico Village community wherein Plaintiffs' lot lies.

Plaintiffs filed a response and a "cross motion for summary judgment," alleging that because TVPOA attached a document outside the pleadings, the plat map, to its motion to dismiss, the motion should have been treated as a motion for summary judgment.  Plaintiffs attached other documents to their motion, including the Restated Articles of Incorporation of Tellico Village Property Owners Association, Inc., and the Restated By-Laws of Tellico Village Property Owners Association, Inc.

A hearing was held on the motion to dismiss on May 11, 2015.  On May 28, 2015, the trial court entered an order granting TVPOA's motion to dismiss.  The court ruled that the motion to dismiss would not be granted based upon lack of subject matter jurisdiction pursuant to Tennessee Rule of Civil Procedure 12.02(1).  Rather, the court granted the motion to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6), finding that Plaintiffs had failed to state a claim upon which relief could be granted.

Specifically regarding Plaintiffs' claim that the obligation to pay annual assessments did not run with the land, the trial court determined that such claim failed as a matter of law because the Declaration explicitly provided that the covenants contained therein "run with and bind the land" and would inure to the benefit of the owners and their legal representatives, heirs, and assigns.  The court stated that the Declaration was referenced in Plaintiffs' warranty deed for their lot.[1]  The court also stated that the Declaration explicitly provided that Plaintiffs held easement rights in common properties and that Plaintiffs had the right to file suit to enforce the Declaration despite Plaintiffs' assertions to the contrary.

---

[1] Plaintiffs' warranty deed does not appear in the record.

With regard to the alleged restraint on alienability, the trial court determined that because Plaintiffs knew at the time they purchased the lot that they were bound by the Declaration and its required annual assessments, the assessments were "a matter of contract" and Plaintiffs could not now claim that this contract was a restraint on alienability. Finally, the court ruled that TVPOA's motion to dismiss had not been converted to a motion for summary judgment due to the attachment of a copy of the plat map. The court stated that such document was a matter of public record and further indicated that the court had not considered the map in reaching its decision.

The trial court also ordered that TVPOA would be granted an award of attorney's fees pursuant to Tennessee Code Annotated § 20-12-119(c), which provides for an award of fees to be paid by a party whose claims are dismissed pursuant to Tennessee Rule of Civil Procedure 12.02(6). The trial court accordingly directed TVPOA to file a schedule of fees incurred. TVPOA filed its schedule of attorney's fees and expenses, totaling over $15,000. The trial court subsequently ordered that Plaintiffs pay attorney's fees of $10,000 to TVPOA, which amount represented the statutory cap on such an award. *See* Tenn. Code Ann. § 20-12-119(c)(4). Plaintiffs timely appealed.

## II. Issues Presented

Plaintiffs present the following issues for our review, which we have restated slightly:

1. Whether the trial court erred in granting TVPOA's motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief could be granted.

2. Whether the trial court erred in declining to join other Tellico Village property owners in this lawsuit.

3. Whether the trial court erred in declining to treat the motion to dismiss as a motion for summary judgment.

4. Whether the trial court erred in enforcing the Declaration regarding the requirement of annual assessments.

5. Whether the trial court erred in determining that Plaintiffs failed to plead or state a claim of restraint on alienation.

6. Whether the trial court erred in awarding TVPOA $10,000 in attorney's fees.

4

7.     Whether the trial court erred in allowing TVPOA's attorneys to draft the order of dismissal without first entering its own findings of fact and conclusions of law.

## III.  Standard of Review

As our Supreme Court has elucidated with regard to motions seeking dismissal of a complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6):

A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted.  Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion.  In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.  It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief.  Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (internal citations omitted).

## IV.  Propriety of Dismissal/Enforcement of Declaration

Plaintiffs maintain that the trial court erred in dismissing their complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6).   Plaintiffs specifically contend that the duty to pay annual assessments contained in the Declaration does not "touch and concern or run with the land," but is rather a personal obligation between the original developer and the original purchaser of Plaintiffs' lot.[2]  Plaintiffs also assert that they properly pled a claim of restraint on alienation based upon the requirement of annual assessment fees.

Article X of the Declaration provides:

[E]ach Owner of a lot . . . by acceptance of a deed or certificate therefor . . .

---

[2] It is undisputed that Plaintiffs were not the original purchasers of the lot from the developer.

whether or not it shall be so expressed in any such deed, certificate, contract of purchase or other conveyance, shall be deemed to covenant and agree to pay to the Association: (1) Annual Assessments, and (2) Special Assessments, such Assessments to be fixed, established and collected from time to time as hereinafter provided. The Annual and Special Assessments, together with such interest thereon and costs of collection thereof, including a reasonable attorneys fee, as hereinafter provided, shall be a continuing charge and lien upon the Lot . . . against which each such Assessment is made. Each such Assessment, together with such interest, costs and reasonable attorneys fees, shall also be the personal obligation of the Owners of such property at the time when the Assessment fell due.

Article XVII of the Declaration also provides that "[t]he covenants and restrictions of this Declaration shall run with and bind the land and shall inure to the benefit of and be enforceable by the Association or the Owners subject to this Declaration . . . ."

The Declaration further provides that "[e]very Member of the Association . . . shall have a right and easement of enjoyment in and to the Common Properties." According to Plaintiffs, however, (1) the obligation to pay annual assessments does not "touch and concern" their lot or "run with the land"; (2) they have, at best, a revocable license to use common properties and not an easement; (3) only TVPOA and not the owners can enforce the restrictions; and (4) the obligation to pay annual assessments constitutes an unreasonable restraint on the alienability of their lot. For these reasons, Plaintiffs asked the trial court to declare the Declaration regarding the payment of annual assessments invalid.

Plaintiffs admitted in their complaint that the Declaration was applicable and was in force when they purchased their lot in 2002. Plaintiffs also admitted in their complaint that the Declaration was duly recorded in the Loudon County Register of Deeds office following its execution in 1985. Plaintiffs further acknowledged that their deed stated that it was subject to any restrictions of record.

"The construction of restrictive covenants, like other written contracts, is a question of law." *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 480-81 (Tenn. 2012). Rules regarding the proper construction of restrictive covenants have been explained by this Court as follows:

Generally speaking, unambiguous restrictive covenants are to be interpreted in the same manner as any writing; thus, words in such covenants must be given their usual and ordinary meaning. Furthermore, when the meaning of a restriction "is reasonable and unambiguous, there is

no need to seek further clarification outside its language." *Shea v. Sargent,* 499 S.W.2d 871, 874 (Tenn. 1973). The terms of an unambiguous restrictive covenant cannot be varied or altered by parol evidence.

It is true that restrictions on the free use of real property are not favored and will be strictly construed. Nevertheless, the overriding factor is the intent of the parties. This Court has stated that

> [i]t is well established law in this State that a person owning a body of land may sell portions thereof and make restrictions as to its use for the benefit of himself as well as those to whom he sells. (Citations omitted).
>
> * * *
>
> Notwithstanding the law's unfavorable regard toward restrictive covenants and its strict construction of them, such restrictions, like other contracts, will be enforced according to the clearly expressed intention of the parties. (Citations omitted).

*Benton v. Bush,* 644 S.W.2d 690, 691 (Tenn. App. 1982); *Jones,* 870 S.W.2d at 529.

*Hicks v. Cox*, 978 S.W.2d 544, 547-48 (Tenn. Ct. App. 1998) (other internal citations omitted).

In the instant action, the language of the Declaration is clear that every lot owner within the Tellico Village development, by accepting a deed to or contracting to purchase a lot, has agreed to pay annual assessments to TVPOA. The Declaration also provides that those annual assessments, if unpaid, will constitute both a lien on the lot and a personal obligation of the owner. Furthermore, the Declaration expressly states that the covenants and restrictions contained therein "run with and bind the land."

Plaintiffs argue that the provision requiring the payment of annual assessments cannot be enforced because it does not "touch or concern" their land, citing *Gambrell v. Nivens*, 275 S.W.3d 429 (Tenn. Ct. App. 2008). In *Gambrell*, this Court explained that in order for "a covenant to bind remote grantees in equity, (1) it must 'touch and concern' the land; (2) the original parties to the covenant must intend that it run with the land and bind remote grantees; and (3) the remote grantee must have had notice of the covenant." *Id*. at 437. The *Gambrell* Court recognized that there was a dispute among authorities

regarding the proper test for the "touch and concern" requirement, but the Court found that building restrictions satisfied the test. *Id*. at 438. A similar result has arisen in other cases involving building restrictions, although there has been no clear test articulated by Tennessee appellate courts regarding the "touch and concern" requirement. *See Tennsco Corp. v. Attea*, No. M2001-01378-COA-R3-CV, 2002 WL 1298808 at *2 (Tenn. Ct. App. June 13, 2002). In *Tennsco*, this Court explained:

> As to what covenants "touch and concern" the land there seems to be no universal test, *see* 2 *American Law of Property* § 9.13 (A.J. Casner ed. 1952), but covenants containing building restrictions, entered into between owners in fee, are almost universally held to satisfy the "touch and concern" requirement—both as to the burden and the benefit. *Id.*

*Id.* Restrictive covenants preventing the sale of alcoholic beverages on certain property have also been determined to "touch and concern" the land. *See Leach v. Larkin*, No. 01-A-01-9302-CH-00066, 1993 WL 377629 at *5 (Tenn. Ct. App. Sept. 24, 1993).

Although Tennessee courts have not created a specific test regarding the "touch and concern" requirement, such a test has been generally defined as follows:

> In order to meet the requirement that a covenant "touch and concern" the land, the covenant must be so related to the land as to enhance its value and confer a benefit upon it or, conversely, impose a burden on it. Other authority says that to touch and concern the land, a covenant must bear upon the use and enjoyment of the land, and must be of the kind that an owner of an estate or interest in land may make because of his or her ownership right. One court has said that the clearest example of a covenant that "touches and concerns" the land is one which calls for a party to do, or refrain from doing, a physical act on the land.
>
> Whether a particular covenant is sufficiently connected with the use of land to touch and concern it is in many cases a question of degree. Covenants that require grantees to pay assessments for upkeep of a particular parcel of property are real covenants which "touch and concern the land," and which therefore "run with the land."

20 AM. JUR. 2D *Covenants, Etc*. § 24 (2016) (citations omitted). Utilizing this definition, the restrictive covenant requiring the payment of annual assessment fees in the case at bar touches and concerns the land because (1) the requirement of payment imposes a burden on the land and (2) the payment of fees allows for maintenance of common properties to which the owners have an easement of use, thus also conferring a benefit and enhancing

the value of the land.

Plaintiffs assert that there are no Tennessee cases upholding a restrictive covenant regarding the payment of an annual fee. We disagree. In *Travis v. Trustees of Lakewood Park*, No. M2009-01935-COA-R3-CV, 2010 WL 3488522 at *4 (Tenn. Ct. App. Sept. 3, 2010), the defendant county was required to pay annual assessments on lots purchased by the county, pursuant to a restrictive covenant requiring such payment, because the county acquired the lots with notice of the restriction. Although the *Travis* Court did not address the "touch and concern" requirement, it did uphold the restrictive covenant requiring the payment of annual fees as written. *Id.*

The courts of other states that have addressed the "touch and concern" requirement in this context have found that a restriction requiring the payment of annual fees to a homeowners' association satisfies the "touch and concern" requirement. *See Neponsit Prop. Owners' Ass'n v. Emigrant Indus. Sav. Bank*, 15 N.E.2d 793, 797 (N.Y. 1938) (concluding that a covenant requiring payment of assessment did touch and concern the land because the grantee received "easement or right of common enjoyment with other property owners in roads, beaches, public parks or spaces and improvements in the same tract."); *Four Seasons Homeowners Ass'n, Inc. v. Sellers*, 302 S.E.2d 848, 852 (N.C. Ct. App. 1983) (concluding that a covenant to pay annual fees did touch and concern the land because fees paid for recreational facilities for the use of all who lived in the subdivision); *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 628 S.E.2d 902, 913 (S.C. Ct. App. 2006) ("Restrictive covenants that require grantees to pay assessments for the upkeep of a particular parcel of property are held to be real covenants which 'touch and concern' land, and therefore, run with the land."). In the case at bar, we conclude that the Declaration's requirement that Plaintiffs pay annual assessments for the maintenance of common properties does touch and concern the land.

Plaintiffs contend that the Declaration's requirement for the payment of annual assessments should also not apply to them because the requirement does not "run with the land." As the trial court found, however, Article XVII of the Declaration expressly states that the "covenants and restrictions of this Declaration shall run with and bind the land . . . ." The Declaration further states that if an assessment becomes delinquent, that obligation "shall bind such property in the hands of the then Owner, his heirs, devisees, personal representatives and assigns." Given the plain language of the Declaration, the assessment requirement clearly runs with the land.

Plaintiffs counter with the argument that the language of the Declaration merely creates a personal obligation of the owner. As stated above, the Declaration provides that in addition to the assessment constituting a "continuing charge and lien upon the Lot," "[e]ach such Assessment, together with such interest, costs and reasonable attorneys fees,

shall <u>also</u> be the personal obligation of the Owners of such property at the time when the Assessment fell due." (Emphasis added.) We find this argument to be without merit.

Plaintiffs further argue that they should be relieved of paying the annual assessments because they do not have an easement allowing them to use the common properties. Plaintiffs insist that they possess, at most, a revocable license because (1) the use of certain common properties requires that an additional admission fee be paid and (2) the Declaration states that the easement rights can be revoked by the TVPOA. A review of the Declaration's terms demonstrates, however, that "[e]very Member of the Association . . . shall have a right and easement of enjoyment in and to the Common Properties." The Declaration subsequently states that this easement of enjoyment is subject to the right of TVPOA to charge reasonable admission and other fees for the use of any recreational facility or improvement upon the common properties. The Declaration provides that this easement is revocable only upon nonpayment of the assessments. Therefore, as the trial court found, the express terms of the Declaration belie Plaintiffs' assertions. Plaintiffs have presented no authority to support their argument that these provisions establish anything other than an easement of enjoyment.

The plain language of the Declaration also contradicts Plaintiffs' assertion that the owners have no right to enforce the Declaration's terms and provisions. As previously stated, Article XVII provides:

> The covenants and restrictions of this Declaration shall run with and bind the land and shall inure to the benefit of and be enforceable by the Association or the Owners subject to this Declaration, their respective legal representatives, heirs, successors and assigns . . . .
>
> * * *
>
> Enforcement of this Declaration shall be by any proceeding at law or in equity against any person or entity violating or attempting to violate any covenant, condition or restriction herein, either to restrain violation or to recover damages against the party in violation, and/or against the land to enforce any lien created by these covenants. Failure by the Association, the Developer or any Owner to enforce any covenant, condition or restriction herein contained shall in no event be deemed a waiver of the right to do so thereafter.

Inasmuch as the above provisions clearly provide a right of enforcement to owners as well as TVPOA, we conclude that Plaintiffs' argument in this regard is without merit.

Finally, Plaintiffs contend that the Declaration constitutes an unreasonable restraint on alienation of their lot. According to Plaintiffs, the value of their property has decreased because of the exorbitant assessments charged by TVPOA, which in turn have made their lot more difficult to sell. Once again, Plaintiffs cite no authority for the proposition that annual assessment fees charged by a homeowners' association, of which the lot owner had notice at the time of purchase, constitute an unreasonable restraint on alienation. As the trial court found, the Declaration is a "matter of contract to which Plaintiffs bound themselves when they bought their lot." With regard to such contracts, our Supreme Court has explained:

> Contract law in Tennessee plainly reflects the public policy allowing competent parties to strike their own bargains. Courts do not concern themselves with the wisdom or folly of a contract, and they cannot countenance disregarding contractual provisions simply because a party later finds the contract to be unwise or unsatisfactory.

*Hughes*, 387 S.W.3d at 475-76 (internal citations omitted). Furthermore, as Plaintiffs concede, an "otherwise valid servitude is valid even if it indirectly restrains alienation by . . . reducing the amount realizable by the owner on sale or other transfer of the property, or by otherwise reducing the value of the property." Restatement (Third) of Property: Servitudes § 3.5 (2000). We find unpersuasive Plaintiffs' contention that the requirements of the Declaration have created an unreasonable restraint on the alienability of their property. As the trial court properly determined, the allegations in Plaintiffs' complaint were expressly contradicted by the terms of the Declaration, which Plaintiffs attached to the complaint. Plaintiffs admitted that the Declaration was in effect and duly recorded at the time they purchased their lot. As such, Plaintiffs are bound by the terms of the Declaration. The trial court properly dismissed their complaint.

## V. Joinder

Plaintiffs have raised an issue regarding whether the trial court erred in failing to join other Tellico Village property owners as parties to this action. Plaintiffs did not, however, request that other owners be joined at the trial court level and do not make such an argument on appeal. Rather, Plaintiffs' position on appeal appears to be in response to an argument presented by TVPOA in its motion to dismiss, wherein TVPOA asserted that the trial court lacked subject matter jurisdiction because Plaintiffs had failed to join all persons who might be affected by the Declaration. The trial court denied TVPOA's motion to dismiss on this basis, determining that such argument was not well taken. Therefore, the trial court did not find that joinder of other property owners was necessary, and Plaintiffs, by the argument presented in their brief, agree. As such, this issue is moot.

## VI.  Alleged Conversion of Motion to Dismiss to Motion for Summary Judgment

Plaintiffs contend that the trial court should have utilized summary judgment standards when determining whether judgment should be granted to TVPOA because the court considered a document outside the pleadings, namely the plat map attached to TVPOA's motion to dismiss.  *See Patton v. Estate of Upchurch*, 242 S.W.3d 781, 786 (Tenn. Ct. App. 2007) ("If matters outside the pleadings are presented in conjunction with either a Rule 12.02(6) motion or a Rule 12.03 motion and the trial court does not exclude those matters, the court must treat such motions as motions for summary judgment and dispose of them as provided in Rule 56.")  TVPOA asserts that the trial court expressly addressed this issue in its order, stating that it had excluded and declined to consider any document outside the pleadings.  Upon our careful review of the record, we agree.

With regard to Plaintiffs' claim that the motion to dismiss should be treated as a motion for summary judgment due to the attachment of the plat map, the trial court stated:

> The Court also finds the Plaintiffs' contention that the Motion to Dismiss has been converted to one for summary judgment to be without merit.  The documents attached by the Defendants to the Motion to Dismiss are matters of public record in this county and as such may be considered by the Court without converting the motion into one for summary judgment.  *First Cmty. Bank, N.A. v. First Tennessee Bank, N.A.*, 2013 WL 4472514, at *17 (Tenn. Ct. App. Aug. 20, 2013).  In any event, said documents were not relied on by the Court in reaching its decision.

We determine that, as expressly noted by the trial court in its order, the plat map attached to the motion to dismiss was not considered by the court in rendering its decision.  As such, the mere attachment of the document would not convert the motion to dismiss to a motion for summary judgment.  *See, e.g., Finchum v. Ace, USA*, 156 S.W.3d 536, 538 (Tenn. Ct. App. 2004).

## VII.  Propriety of Attorney's Fee Award

Plaintiffs claim that the trial court erred in awarding TVPOA attorney's fees of $10,000 pursuant to Tennessee Code Annotated § 20-12-119(c).  This statutory section was amended effective July 1, 2012,[3] and now provides in pertinent part:

---

[3] Prior to the 2012 amendment, the statute only contained subsections (a) and (b).  See 2012 Pub. Acts., Ch. 1046 § 1 (H.B. 3124).

(a) In all civil cases, whether tried by a jury or before the court without a jury, the presiding judge shall have a right to adjudge the cost.

(b) In doing so, the presiding judge shall be authorized, in the presiding judge's discretion, to apportion the cost between the litigants, as in the presiding judge's opinion the equities of the case demand.

(c)(1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

(2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims, including, but not limited to:

    (A) Court costs;

    (B) Attorneys' fees;

    (C) Court reporter fees;

    (D) Interpreter fees; and

    (E) Guardian ad litem fees.

(3) An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

(4) Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total

of ten thousand dollars ($10,000) in any single lawsuit. Where multiple parties are entitled to recover their costs from a single party under this section and those parties' combined actual costs under this section exceed ten thousand dollars ($10,000), then the court shall apportion the awarded costs to the moving parties in proportion to the amount of each moving party's incurred costs unless agreed otherwise by the moving parties. Nothing in this section shall be construed to limit the award of costs as provided for in other sections of the code or at common law.

This statutory section provided the basis for the trial court's award of attorney's fees in the amount of $10,000 to TVPOA. In their initial brief, Plaintiffs assert that this award was in error only because the trial court should not have granted the motion to dismiss. Although Plaintiffs cursorily argue on appeal that the amount of the award is too high, Plaintiffs "[did] not dispute the amounts of attorney fees/costs listed in the schedule of fees" submitted to the trial court and presented no countervailing proof or argument regarding the fees claimed. Rather, Plaintiffs generally argue that the award of attorney's fees was in error. As this Court has previously noted, however, such an award is mandatory once a motion to dismiss for failure to state a claim has been granted. *See Snyder v. First Tenn. Bank, N.A.*, No. E2015-00530-COA-R3-CV, 2016 WL 423806 at *8 (Tenn. Ct. App. Feb. 3, 2016).

In their reply brief, Plaintiffs argue for the first time that the 2012 amendment to Tennessee Code Annotated § 20-12-119 is unconstitutional because its mandatory requirement that the "loser pays" is a usurpation of judicial power and discretion. We note, however, that Plaintiffs did not raise this issue at the trial court level. As a result, the issue is deemed waived. *See Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983) ("It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion."); *City of Elizabethton v. Carter Cty.*, 321 S.W.2d 822, 827 (Tenn. 1958) ("We do not have any sympathy for the practice of raising constitutional questions for the first time on appeal, unless a statute is so obviously unconstitutional on its face as to obviate the necessity for any discussion.") In the case at bar, we conclude that the statute is not obviously unconstitutional on its face.

Further compounding Plaintiffs' error in failing to raise this issue at the trial court level is the fact that Plaintiffs failed to properly notify the Attorney General with regard to the constitutional challenge. Tennessee Rule of Appellate Procedure 32 provides, in pertinent part:

**(a) Service; When Required.** When the validity of a statute of this state or an administrative rule or regulation of this state is drawn in question in any appeal to which the state or an officer or agency is not a party, the party raising such question shall serve a copy of the party's brief on the Attorney General.

**(b) Proof of Service.** Proof that service has been made on the Attorney General shall be filed with the brief of the party raising such question.

Although Plaintiffs did file a proof of service of their brief on the Attorney General, said proof of service was not filed with the brief as required in subsection (b). Rather, the proof of service was filed six months following the filing of Plaintiffs' initial brief and nearly two months following oral arguments. For the foregoing reasons, we conclude that any issue with regard to the constitutionality of Tennessee Code Annotated § 20-12-119(c) has been waived. *See, e.g., In re Adoption of E.N.R.*, 42 S.W.3d 26, 33 (Tenn. 2001); *In re C.A.F.*, 114 S.W.3d 524, 530 (Tenn. Ct. App. 2003). We therefore affirm the trial court's award of attorney's fees to TVPOA in the amount of $10,000.[4]

## VIII. Order

Finally, Plaintiffs contend that the trial court erred in directing TVPOA's attorneys to draft the order of dismissal without stating the grounds for dismissal. Plaintiffs rely upon our Supreme Court's decision in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014), wherein the Court held that "Tenn. R. Civ. P. 56.04 requires the trial court, upon granting or denying a motion for summary judgment, to state the grounds for its decision before it invites or requests the prevailing party to draft a proposed order." Plaintiffs insist that this rule should apply with equal force to an order granting a motion to dismiss.

TVPOA asserts that there is no similar requirement contained within Tennessee Rule of Civil Procedure 12 regarding the drafting of a proposed order. We agree. Tennessee Rule of Civil Procedure 12 contains no language that mirrors or assimilates the above-quoted language of Tennessee Rule of Civil Procedure 56.04. Furthermore, TVPOA contends that the order signed by the trial court accurately represented the court's ruling from the bench. We agree with TVPOA that a trial court speaks only through its written orders. *See Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn.

---

[4] We note that the plain language of the statute provides that an "award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss." *See* Tenn. Code Ann. § 20-12-119(c)(3). Having determined that the motion to dismiss was properly granted, we find that the trial court's act of prematurely awarding attorney's fees before exhaustion of the right to appeal was harmless error.

15

2015). We further recognize that, in the absence of a hearing transcript or any other documentation to demonstrate that the signed order does not accurately reflect the trial court's ruling, we have no basis upon which to perform review of this issue. *See McAllister v. Rash*, No. E2014-01283-COA-R3-CV, 2015 WL 3533679 at \*8 (Tenn. Ct. App. June 5, 2015), *perm. app. denied* (Tenn. Oct. 16, 2015) ("It is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination of the issues presented on appeal."). We conclude that this issue is without merit.

## IX. Attorney's Fees on Appeal

At the conclusion of its brief, TVPOA requests an award of attorney's fees for defending this appeal, which TVPOA characterizes as frivolous. TVPOA did not, however, properly raise this as an issue in a statement of issues. As our Supreme Court has elucidated:

> Appellate review is generally limited to the issues that have been presented for review. Tenn. R. App. P. 13(b); *State v. Bledsoe,* 226 S.W.3d 349, 353 (Tenn. 2007). Accordingly, the Advisory Commission on the Rules of Practice and Procedure has emphasized that briefs should "be oriented toward a statement of the issues presented in a case and the arguments in support thereof." Tenn. R. App. P. 27, advisory comm'n cmt.

*Hodge v. Craig,* 382 S.W.3d 325, 334 (Tenn. 2012); *see also Culpepper v. Culpepper*, No. E2014-00815-COA-R3-CV, 2015 WL 6735909 at \*5-6 (Tenn. Ct. App. Nov. 4, 2015). Therefore, TVPOA's request for attorney's fees on appeal is denied.

## X. Conclusion

For the foregoing reasons, the trial court's order dismissing Plaintiffs' complaint is affirmed. TVPOA's request for attorney's fees on appeal is denied. Costs on appeal are assessed to the appellants, Paul B. Schodowski, D.P.M., and Sharon Ann Ziegler. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE